[Criminal No. 340.  Filed May 28, 1913.]

[132 Pac. 434.]

## JOHN REYNOLDS, Appellant, v. STATE OF ARIZONA, Respondent.

1. ROBBERY—STATUTORY PROVISIONS.—Under Penal Code of 1901, section 189, defining "robbery" as the felonious taking of personal property in the possession of another from his person or immediate presence and against his will accomplished by means of force or fear, property so taken in any manner other than by means of force or fear is not robbery.

2. ROBBERY—EVIDENCE—SUFFICIENCY.—Evidence that accused and the prosecutor were engaged in a game of cards, during which they indulged in friendly drinks, that when the prosecutor reached home in an intoxicated condition his pocketbook was missing, and that it was found the next morning empty at a place where he had become entangled in the wires of a fence, and that on such following morning accused had money in his possession, without any evidence as to when or by what means the money was taken from the prosecutor or that it was taken by means of force or fear, was insufficient to support a conviction for robbery, since, while it showed an opportunity by accused to take the money and subsequent possession of like property which would have been sufficient to connect him with the robbery when shown to have been committed, it had no weight in establishing the commission of the robbery.

APPEAL from a judgment of the Superior Court of the County of Graham. A. G. McAlister, Judge. Reversed and remanded.

The facts are stated in the opinion.

Mr. John McGowan, for Appellant.

Mr. G. P. Bullard, Attorney General, for Respondent.

CUNNINGHAM, J.—The appellant, with two codefendants, was indicted by the grand jury of Graham county for the alleged crime of robbery. Upon a trial this appellant was convicted of the crime, and his codefendants were acquitted of the charge. In due time the appellant moved for a new trial and in arrest of judgment, which motions were denied,

and judgment and sentence of a conviction for robbery was entered. An appeal is prosecuted from the orders and from the judgment.

The appellant relies upon two grounds of error for a reversal, viz.: Because no evidence was produced at the trial proving or tending to prove that the property alleged to have been taken was taken by means of force or fear, or either; and upon defects in the indictment. The first is the principal ground relied upon, which we will proceed to consider. This raises the question whether there is any evidence of robbery in the case. The questions of the weight and sufficiency of the evidence are not involved; but is there any evidence from which the jury can reach the conclusion that the property was taken by means of either force or fear? If no such facts are present, then no conviction can be had.

Robbery is defined by section 189, Penal Code of Arizona of 1901, as the "felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear." Hence property in the possession of another which is taken from his person or immediate presence and against his will, in any manner other than by means of force or fear, is not robbery.

An examination of the entire evidence in the case discloses that the following are the only facts established: The prosecuting witness, Reuben Allred, is a man about eighty-five years of age, and receives a regular quarterly pension amounting to $90. He received his pension a few days prior to the tenth day of December, 1912, the date of the alleged robbery, and on that date had in his possession, in a pocketbook, about $50. He habitually carried his pocketbook and money in a hip pocket of his trousers and on the date mentioned so carried it. The defendants knew he received a pension, and the amount, and knew about the dates he ordinarily received the money. On the date mentioned the prosecutor was invited by one of the defendants to join the three in a game of cards, which he accepted, and during the progress of the game, and while he was in the company of the defendants, the prosecutor indulged in three to four drinks of whisky furnished him by one of the defendants. The card game was suspended about 4 o'clock in the afternoon so that the defendants could keep

an appointment with the justice of the peace at the town of
Pima. In separating, the prosecutor started through lots
for his home and was slightly intoxicated. To reach his home,
it became necessary for him to pass through a wire fence near
the place where the card game was conducted, and, in at-
tempting to pass through the wires of the fence, the prose-
cutor's clothes became entangled with the wires, and he re-
quested the defendants to, and they did, assist him out of his
predicament. He was directed by a farmer how to get home
on dry land, and, following such directions, he reached his
home later, but in a state of intoxication. He remained out-
side the house for a time, and was then assisted to bed by
some members of his family. When he was in bed, a grand-
son, who assisted him, searched his pockets and found that
his pocketbook and money were gone. This fact was re-
ported to the neighbors that night by members of the family.
The next morning the farmer who saw him leave the card
game and who directed him how to avoid wet ground in going
to his home heard of the loss, and upon a search found the
pocketbook near the place where the prosecutor had become
entangled in the wire fence; but when he found the pocketbook
no money was in it. The prosecutor disavowed all knowledge
of the time when he lost possession of the money and pocket-
book; he is positive that no one took it from him by any
demonstrations of force; he simply knew nothing about when
or how it was taken nor by whom it was taken.

On the next day after the card game, the appellant had $35
in money which he paid to the constable in satisfaction of a
judgment against him in the justice court. The source from
which this money came was attempted to be explained by wit-
nesses. These were all the circumstances in evidence.

The evidence of the card game and the friendly drinks go
to establish the fact that the defendants had the opportunity
to commit the offense. The evidence that the appellant had
money in his possession the next day, after the alleged rob-
bery, establishes the fact that appellant had in his possession
like property to that taken at the time of the robbery. The
opportunity to commit the offense, and the possession of prop-
erty of the class taken at the time of a robbery, are circum-
stances to go to the jury tending to connect the person who
had the opportunity, or the person who had like property in

his possession shortly after the alleged robbery, with the robbery; but they have no weight in establishing the fact that a robbery had been committed. If the fact of a robbery committed had been established by other evidence, then these circumstances would become pertinent, but not otherwise. We fail to discover any evidence of robbery in the whole case, and the contention of appellant must be sustained.

It is not necessary from the foregoing view we have taken of the case to consider the other assignments of error. It is apparent from the record that no evidence can be produced other than that before us, which, standing alone, has no application to a charge of robbery.

. The judgment is reversed and vacated, for the reason there is no evidence to support it. The cause is remanded to the superior court of Graham county, with instructions to take such proceedings in the matter, not in conflict with this opinion, as required by law.

FRANKLIN, C. J., and ROSS, J., concur.

NOTE.—As to what is robbery, see note in 135 Am. St. Rep. 474.