[Criminal No. 673. Filed June 30, 1928.]

[268 Pac. 618.]

## WILLIAM BROWN, Appellant, v. STATE, Respondent.

Mr. William P. Lutfy, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. Frank J. Duffy, Assistant Attorney General, for the State.

ROSS, C. J.—William Brown was convicted of robbing one Helen Schaffer, in Phoenix, Maricopa county, Arizona, on or about June 6, 1927. He appeals from the sentence and judgment of conviction. He assigns as error the ruling of the court refusing to permit him to introduce evidence to contradict his own witness, to wit, one J. W. Anderson. Anderson

had testified for the state, and defendant on cross-examination sought to elicit from him certain statements or admissions claimed to have been made to him or in his presence by the prosecuting witness, which, upon objection from the county attorney that it was not proper cross-examination, was ruled out by the court. As a part of his case defendant then called Anderson and asked the impeaching questions, and the answers of the witness were evidently not what he wanted or expected. He then offered to prove that Anderson had previously stated to his (Brown's) attorney and another a different story than the one testified to on the trial. The offer was refused, the court stating as a reason therefor: "I cannot permit you to impeach your witness." It is this ruling of which complaint is made. It is said Anderson was hostile to the defendant, but there is nothing in the record to sustain this assertion except the fact that he was a deputy sheriff and assisted in searching defendant after the latter's arrest. But even if Anderson were hostile, we do not think defendant could put him on the stand to contradict or impeach the prosecuting witness, and when he failed to do it introduce evidence to contradict or impeach him.

The purpose for which Anderson was called by defendant was collateral to the main issue, and under the general rule he was bound by the witness' answers. 28 R. C. L. 613, § 202. If he could impeach this witness by others, he could in turn impeach such "others" should they fail him, and this all on collateral matters. The rule that allows a party to impeach or contradict a hostile witness whose testimony has surprised him was not invented for the purpose of affording him a way of getting immaterial or collateral matters before the jury, but to protect him against unexpected statements by such hostile witness concerning the real issues.

There are two other assignments, both of which challenge the sufficiency of the evidence to establish the essentials of the crime of robbery. The Attorney General's statement of the facts appears to be essentially correct and fair. It is:

"Briefly, . . . that Brown and one Jefferson entered the premises of one Helen Shaeffer on the night of June 6, 1927, presumably for the purpose of purchasing beer. After some beer had been bought and consumed by the appellant and his party, the appellant and Jefferson told Mrs. Shaeffer that they were prohibition officers and that they were going to 'throw her in' for violation of the Prohibition Law. Jefferson seized her and started toward the door with her; Brown intervened and suggested that if she paid them $150 that the matter could be 'fixed up.' Jefferson released the woman, who went into her bedroom and dumped the contents of her purse in her lap. While engaged in counting the money, Brown snatched a roll of bills from her lap and left the premises with Jefferson. Mrs. Shaeffer immediately notified the sheriff's office, and a short time afterwards Brown was arrested, and, on being searched, a roll of bills amounting to $125 was found in one of his pockets, separate from a cash bag which he carried which contained some silver and small change."

Defendant and his companion testified that the Schaffer woman gave the $125 to them as "hush money," and that they accepted it agreeing not to report to the authorities that she was selling intoxicating liquors. The jury evidently regarded it as a typical case of what is commonly known as "hijacking."

The evidence of the prosecution was ample, if believed, to make out the crime of robbery. According to such evidence, the money was taken from the possession and person of the prosecuting witness, against her will, by means of force and violence. These

facts, we think, bring it within the statutory definition of the crime of robbery.   Section 189, Pen. Code 1913.

The judgment of the lower court is affirmed.

LOCKWOOD and McALISTER, JJ., concur.