[Criminal No. 764. Filed December 31, 1931.]

[6 Pac. (2d) 426.]

JOE LEAR, Appellant, v. STATE, Respondent.

Mr. Austin O'Brien, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. J. R. McDougall, Assistant Attorney General, and Mr. Lloyd J. Andrews, County Attorney, for the State.

ROSS, J.—The appellant was convicted of robbery. He appeals and assigns as error the insufficiency of the evidence to sustain the conviction and the giving of erroneous instructions.

The prosecuting witness, George Gross, testified that around 7 o'clock on the morning of August 12, 1931, he opened the Campbell Quality Shop, located in Buckeye, Maricopa county; that just about that time appellant entered the store and inquired about purchasing some shirts and shoes; that in the meantime he had taken a box of currency and a bag of silver out of the store safe; had placed the currency in the cash register and the bag of silver on the counter; that, while he was in the act of untying or unrolling the bag of silver, and while it was on the counter, appellant grabbed it from his hands and ran out of the back door; that appellant said no word at the time, exhibited no arms, and used no force other than to grab the bag as stated above. Appellant admitted taking the bag of silver and that it contained $33.

It was the contention of appellant at the trial, and is his contention here, that the facts do not show that he committed the crime of robbery. This crime is defined by our statute, section 4602, Revised Code of 1928, as follows:

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear. The fear may be either of an unlawful injury to the person or property of the person robbed, or of a relative or member of his family; or of an immediate and unlawful injury to the person or property of any one in the company of the person robbed at the time of the robbery."

The crimes of robbery and larceny are not the same. The former is classified as a crime against

the person and the latter as a crime against property. In robbery there is, in addition to a felonious taking, a violent invasion of the person. If the person is not made to surrender the possession of the personal property by means of force or fear, the dominant element of robbery is not present. The mere taking of property in possession of another, from his person or immediate presence and against his will, is not robbery. Such taking must be accomplished by force or fear to constitute robbery.

The element of fear is not in the case. Appellant made no threat or demonstration. He simply grabbed the bag of silver from the hands of the prosecuting witness and ran away with it. There was no pulling or scrambling for possession of the bag. Was the force employed by appellant the kind of force necessary to constitute robbery? We think not. As we read the cases and text-writers, "the force used must be either before, or at the time of the taking, and must be of such a nature as to show that it was intended to overpower the party robbed, and prevent his resisting, and not merely to get possession of the property stolen." *Rex* v. *Gnosil,* (1824) 1 Car. & P. 304, 171 Eng. Reprint 1206.

It is said in *State* v. *Parsons,* 44 Wash. 299, 120 Am. St. Rep. 1003, 12 Ann. Cas. 61, 7 L. R. A. (N. S.) 566, 87 Pac. 349:

"The courts generally hold that it is not robbery to merely snatch from the hand or person of another, or to surreptitiously take from another's pocket, money or some other thing of value, as such taking lacks the element of force, or putting in fear, one or the other of which being essential to constitute the crime of burglary."

Wharton in his work on Criminal Law, eleventh edition, volume 2, page 1297, says:

"The snatching a thing is not considered a taking by force, but if there be a struggle to keep it,

or any violence, or disruption, the taking is robbery, the reason of the distinction being that, in the former case, we can infer neither fear nor the intention violently to take in face of resisting force."

Grigsby's Criminal Law, page 644, section 694a, says:

"The force must be of such a nature as to overcome the person robbed regardless of his resistance —that is, the robber's intention must be to overcome resistance at all events. The violence must be used before and at the time of the robbery. The degree or extent of force is so closely allied to that of 'apprehended force producing fear,' that it is rather a metaphysical deduction to draw the distinction. 'No sudden taking unawares from the person, even done with force, as by snatching a thing from one's hand, or out of his pocket, is sufficient to constitute robbery.' "

Bishop on Criminal Law, ninth edition, volume 2, page 864, section 1167, states the force necessary for robbery as follows:

"Snatching—which is a sufficient asportation in simple larceny, may or may not carry with it the added violence of robbery, according as it is met or not by resistance. . . . The true distinction is that in the absence of active opposition, it will be robbery if the article is so attached to the person or clothes as to create resistance however slight."

In *Ramirez* v. *Territory,* 9 Ariz. 177, 80 Pac. 391, the prosecuting witness testified that he felt somebody come up behind him and run his hands in his pockets and then run off. The conviction of the defendant was set aside; the court holding that the mere taking of money by stealth from the person of another did not constitute robbery. Of similar tenor is *Reynolds* v. *State,* 14 Ariz. 537, 132 Pac. 434.

The Attorney General, while expressing doubt as to whether the facts shown constitute robbery, calls our attention to the case of *Brown* v. *State,* 34 Ariz.

150, 268 Pac. 618, as authority that possibly robbery was committed. In that case the defendant and one Jefferson had gone to the home of the prosecuting witness, and, after she had sold them some beer, represented to her that they were prohibition officers, and that they were going to "throw her in" for violation of the prohibition law. Jefferson seized her and started towards the door. Brown intervened and suggested that, if she paid him $150, the matter could be "fixed up." The prosecuting witness went to her bedroom, obtained her purse, and dumped its contents in her lap, and while she was counting the money Brown snatched the roll of bills from her and left the premises. We held this constituted robbery. We think the Brown case falls within the rule announced by many courts to the effect that threats to accuse, arrest, or prosecute, when supplemented by force, actual or constructive, will support a charge of robbery. *Montsdoca* v. *State*, 84 Fla. 82, 93 South. 157, 27 A. L. R. 1291, and note II at page 1301. In the Brown case the defendants actually took hold of the prosecuting witness and started with her towards the door as though they would place her in jail. This demonstration of force no doubt put her in fear.

The instructions complained of were clearly erroneous, but it is not necessary that we discuss them in view of the conclusion we have reached.

The judgment of the lower court is reversed and the cause remanded for such further action as may seem advisable in the premises.

McALISTER, C. J., and LOCKWOOD, J., concur.