698 P.2d 1240

**STATE of Arizona, Appellee,**

v.

**Ronald Paul BISHOP, Appellant.**

No. 3569-3-PC.

Supreme Court of Arizona,
En Banc.

April 22, 1985.

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Jack Roberts, Asst. Attys. Gen., Phoenix, for appellee.

David A. Chamberlain, Prescott, for appellant.

HOLOHAN, Chief Justice.

■ Ronald Paul Bishop filed this petition for review of denial of post-conviction relief pursuant to Rule 32.9(c), Arizona Rules of Criminal Procedure, 17A A.R.S.[1] We accepted review solely to address Bishop's claim that he was denied his right to a unanimous jury verdict.[2]

---

1. Bishop has appeared before this court on two previous occasions. *See State v. Bishop,* 118 Ariz. 263, 576 P.2d 122 [*Bishop* I], *sentence vacated and remanded, Bishop v. Arizona,* 439 U.S. 810, 99 S.Ct. 69, 58 L.Ed.2d 103 (1978); *State v. Bishop,* 127 Ariz. 531, 622 P.2d 478 (1980) [*Bishop* II]. For clarity, we designate this appeal *Bishop* III.

2. In addition, Bishop urged this court to invalidate his first degree murder conviction on the ground that he was sentenced without a finding of "intent to kill" as required by *Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d

1140 (1982). *See also State v. McDaniel,* 136 Ariz. 188, 199, 665 P.2d 70, 81 (1983). Petitioner's argument is specious, and requires no more than summary disposition. In *Bishop* I, this court related the following facts:

The evidence disclosed that [Bishop] planned to kill Troxell for over a day before he did so because he wanted Troxell's car and he disliked Troxell's drinking habits. Troxell was struck between two and four times with a hammer by [Bishop]. Once Troxell fell to the ground, [Bishop] immediately and systematically removed Troxell's shoes, his wallet

The facts necessary for the disposition of this issue are as follows.[3] In May 1976, a jury convicted Bishop of first degree murder for the slaying of Norman Troxell. The instruction to the jury for first degree murder included a premeditation and felony-murder charge. The felony-murder instruction was taken from R.A.J.I. Crimes 4 (modified and superseded by R.A.J.I. 11.04–11.052) and traced the felony-murder statute by enumerating all of the felonies which could constitute first degree murder. *See* A.R.S. § 13–1105(2) (formerly A.R.S. § 13–452). Of the felonies listed which might constitute felony-murder, only robbery was subsequently defined to the jury. The instruction read:

Murder is the unlawful killing of a human being with malice.

The thing that distinguishes murder from all other killings, is malice. There are two kinds of malice. A person has one kind of malice when he deliberately intends to kill. If you determine that the defendant used a deadly weapon in the killing, you may find malice. If you determine that the defendant has no considerable provocation for the killing, you may find malice.

There is also a second kind of malice. A person has this kind of malice if he shows a reckless disregard for human life.

Once you have determined that there is malice, you must determine if the murder was in the first or second degree. First degree murder is murder which is the result of premeditation. Premeditation means deciding in the mind beforehand. It does not matter how quickly or slowly the decision to kill is followed by the act of killing.

Murder by means of poison, lying in wait, or torture, or which is committed in the attempt to commit arson, rape, robbery, burglary, mayhem, kidnapping, or molestation of a child under the age of 14, is also first degree murder.

All other kinds of murder are second degree murder.

If you have a reasonable doubt about which of the two degrees of murder was committed, you must decide it was second degree murder.

Robbery is the felonious taking of personal property in the possession of another from his person or immediate presence, and against his will, accomplished by means of force or fear.

\*　　\*　　\*　　\*　　\*　　\*

All twelve of you must agree on a verdict. All twelve of you must agree whether the verdict is guilty or not guilty.

\*　　\*　　\*　　\*　　\*　　\*

(Transcript at 633–34, 636). The form of verdict distributed to the jury restricted the jury to a finding of guilty or not guilty on the first degree murder charge, and did not differentiate between felony-murder or premeditation. In conference, Bishop's counsel objected to the felony-murder instruction based on robbery alleging there was insufficient evidence adduced at trial to support the charge.

MR. HICKS: ... My objection to Paragraph 5 of RAJI 4, which is the felony murder definition and the robbery instruction, and I object to both on the basis that there is no foundation here for a robbery. Certainly an altercation, and after which the defendant removes the items from the person, but there is noth-

---

and his money. Having accomplished that, [Bishop] hog-tied Troxell's legs, dragged him to a mine shaft and returned shortly thereafter to drop rocks and dirt on the victim, who lay struggling at the bottom of the hole. Subsequently, [Bishop] cleaned up the campsite by covering the bloodstains with dirt, burned some of Troxell's possessions and threw the rest over a cliff.

*Bishop* I, 118 Ariz. at 269, 576 P.2d at 128. In *Bishop* II, we found that these facts legitimately

established the aggravating circumstance upon which the death penalty was imposed. *Bishop* II, 127 Ariz. at 534, 622 P.2d at 481. We find that these facts unassailably demonstrate "intent to kill" within the meaning of *Enmund* and, accordingly, conclude that petitioner's argument is meritless.

**3.** A full rendition of the facts can be found in *Bishop* I, 118 Ariz. at 264–65, 576 P.2d at 123–24.

ing to indicate that the other elements of robbery are there.

\* \* \* \* \* \*

(Transcript at 622). In the present appeal, Bishop maintains that he was denied his right to a unanimous jury verdict in that there was insufficient evidence to support a conviction on "most" of the listed felonies, and the jury was not required to agree upon *which* felony, if any, it was relying on in rendering a verdict.

The Arizona Constitution, Article II, Section 23, guarantees a criminal defendant the right to a unanimous jury verdict.[4] Although this provision was only incorporated into the constitution in 1972, jury unanimity has long been an inherent procedural safeguard for state criminal defendants. *See State v. Counterman*, 8 Ariz.App. 526, 531, 448 P.2d 96, 101 (1969) (citing *Hash v. State of Arizona*, 48 Ariz. 43, 50, 59 P.2d 305, 308 (1936)). In recently construing this provision, this court had reason to consider whether a jury instruction for first degree murder which did not differentiate between felony-murder or premeditation contravened the right to jury unanimity. In *State v. Encinas*, 132 Ariz. 493, 647 P.2d 624 (1982), petitioner advanced the argument that because the verdict was undifferentiated there was no assurance that the jury had been unanimous on "what kind" of first degree murder had been committed. Rejecting this reasoning, the court held:

In Arizona, first degree murder is only one crime regardless of whether it occurs as premeditated murder or a felony murder .... Although a defendant is entitled to a unanimous jury verdict on whether the criminal act charged has been committed, ... the defendant is not entitled to a unanimous verdict on the precise manner in which the act was committed.

*Id.* at 496, 647 P.2d at 627. *See also State v. Smith*, 136 Ariz. 273, 277, 665 P.2d 995, 999 (1983).

Petitioner in the present case asserts a variant of the unanimity issue discussed in *Encinas* by arguing that because only robbery was defined in the felony-murder instruction, it was possible that conviction was obtained without essential jury agreement as to which underlying felony was at issue. In analyzing petitioner's claim it is necessary to determine whether the jury might have rendered a conviction on the basis of one of the undefined felonies, or without unanimous agreement as to the underlying felony.

 The general felony-murder instruction given to the *Bishop* jury cannot be viewed in isolation from the whole of the instructions provided. Immediately following the general felony-murder charge, the elements of robbery were read to the jury. Our review of closing argument by both prosecution and defense counsel conclusively establishes, with respect to felony-murder, that one theory was exclusively relied upon, and defended against: robbery.[5] Ac-

4. Jury unanimity is a federal constitutional right not extended to the states through the doctrine of selective incorporation of the fourteenth amendment. *See Johnson v. Louisiana*, 406 U.S. 356, 359, 92 S.Ct. 1620, 1623, 32 L.Ed.2d 152, 157–58 (1972); *Apodaca v. Oregon*, 406 U.S. 404, 411–14, 92 S.Ct. 1628, 1633–34, 32 L.Ed.2d 184, 191–93 (1972).

5. The prosecution's argument was as follows:
 Now, the Judge will instruct you at the close of my argument, and Mr. Hicks' argument, that there are two basic ways that you can find that this murder was premeditated and is in the first degree.
 One is if in fact there was some premeditation, some deciding ahead of time to do it.

*And, two, if it was committed in the perpetration of a robbery.*
 I submit both of those factors are present, although you need only find one to return a verdict of first degree murder. Certainly he was robbed. I mean, there is no question that his watch, his money, his knife and his car were taken from him. Now, there is no question about that.
(Transcript of Opening Statements & Closing Arguments at 30–31 (emphasis added).
 With respect to felony-murder, defense theory clearly addressed robbery:
 Now, another form of first degree murder is the killing of a human being during the perpetration of certain violent types of crimes, *and the Judge will instruct you on the crime of robbery.* And robbery of course is the unlaw-

cordingly, we do not find the general felony-murder instruction as supplemented by the elements of robbery to be in error. With the definition of robbery clearly relating to the more general instruction, we are not confronted with the possibility of a conviction resting on felony-murder where the underlying felony is undefined, *see State v. Schad*, 142 Ariz. 619, 691 P.2d 710, 711–12 (1984), or where the jury might be confused or misled as to the permissible grounds for conviction. We have considered Appellant's Supplemental Reply Brief (filed January 30, 1985) which argues that evidence was introduced at trial to support a finding of kidnapping by the jury as an underlying felony. We reject this contention as meritless. When the instruction defining robbery is considered with the clearly directed arguments of the prosecutor and defense counsel, we find there to be no possibility of a jury finding based upon kidnapping. We note that the problem of a jury finding on the basis of either an undefined felony or from a general listing should be largely remedied by the 1980 R.A.J.I. 11.052 which confines the instruction to the immediate underlying felony at issue which forms the basis of the felony-murder charge, and which calls for the definition of the felony immediately following the instruction.

Petitioner contends that the underlying felony, robbery, in the felony-murder instruction was "devoid of any evidentiary basis." The record belies this contention. At the time of Bishop's trial robbery was defined, according to A.R.S. § 13–641, as "the felonious taking of personal property in the possession of another from his person, or immediate presence, and against his will, accomplished by means of force or fear." The facts in support of felony-murder (robbery) are set forth in *Bishop I*:

While [the victim] stood at the rear of the car, [Bishop] inflicted several blows to the back of the victim's head with a claw hammer. [Bishop] stated that Troxell fell but that he was not unconscious and that after Troxell fell, [Bishop] *removed Troxell's watch, wallet and shoes* and tied his legs together with a rope.

*Bishop* I, 118 Ariz. at 265, 576 P.2d at 124 (emphasis added). "Force" sufficient to constitute robbery may either be before, or at the time of the taking, and it must be of such a nature as to show that it was intended to overpower the party robbed. *Lear v. State*, 39 Ariz. 313, 315, 6 P.2d 426, 427 (1931). Bishop's own testimony, as introduced at trial, demonstrates the "force" sufficient for the jury to find robbery and support a finding of felony-murder (robbery). The removal of Troxell's watch and wallet immediately subsequent to his being battered with the claw hammer, and the taking of Troxell's automobile following his "burial" in the mine shaft constituted a sufficient evidentiary basis for a jury to find an underlying robbery sufficient to support a charge of felony-murder.

Petitioner's requested relief is denied.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

ful taking of the personal property of another accompanied by means of force or fear. Now, it must be accompanied by an intent to rob the man. We are not denying that money was taken. The defendant testified that he took the forty dollars. He further testified at the time that began [sic] he had no intention whatsoever—that the fracas started, he hit the—or hit the man and the man went down,

and he went for the billfold thinking he did. And he can't explain why he took the forty dollars. He did take it.

I respectfully submit to you that once you hear the Judge's instructions on robbery then you will find that the facts of this case do not fit in that peg, and you will be able to rule that out.

(*Id.* at 38–39) (emphasis supplied).