IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

DEC 17 2009

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,                    )
                                         )        2 CA-CR 2009-0213-PR
                    Respondent,          )        DEPARTMENT B
                                         )
            v.                           )        O P I N I O N
                                         )
CESAR LOPEZ,                             )
                                         )
                    Petitioner.          )
                                         )

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20042264

Honorable Howard Fell, Judge Pro Tempore

REVIEW GRANTED; RELIEF DENIED

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                                  Tucson
                                                     Attorneys for Respondent

Law Office of Ronald Zack
  By Ronald Zack                                                    Tucson
                                                      Attorney for Petitioner

B R A M M E R, Judge.

¶1          Petitioner Cesar Lopez was convicted after a jury trial of attempted first-degree
murder and aggravated assault, both dangerous-nature offenses, fleeing from law
enforcement, two counts of child abuse, and two counts of misdemeanor assault. The trial
court sentenced him to presumptive, concurrent terms of imprisonment totaling 10.5 years.

We affirmed Lopez's convictions and sentences on appeal. *State v. Lopez*, No. 2 CA-CR 2006-0025 (memorandum decision filed June 20, 2007).

¶2 Lopez filed a timely notice of post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P. In the petition that followed, he challenged the trial court's order that he pay $400 in attorney's fees. He maintained the order was unlawful because the court had not found Lopez actually would be able to pay those fees without substantial hardship. *See* Ariz. R. Crim. P. 6.7(d). After the state responded to his petition, Lopez filed a reply in which he asserted additional claims of ineffective assistance of trial and appellate counsel.

¶3 The trial court denied relief, finding Lopez had waived his challenge to the assessment of attorney's fees by failing to raise it on appeal and that the claim was therefore precluded. *See* Ariz. R. Crim. P. 32.2(a)(3). Quoting *State v. Ruggiero*, 211 Ariz. 262, n.2, 120 P.3d 690, 695 n.2 (App. 2005), the court declined to consider the ineffective assistance of counsel issues first raised in Lopez's reply brief. *See id.* ("[A]n issue raised for the first time in a reply brief is waived.").

¶4 In his petition for review, Lopez argues the trial court abused its discretion in failing to consider his ineffective assistance of counsel claims. He distinguishes *Ruggiero* on the ground that it involved an appeal, rather than a Rule 32 proceeding and notes Rule 31.13, Ariz. R. Crim P., expressly limits a reply brief on appeal to "questions of law or fact raised by the appellee's brief." He points out that no similar limitation is imposed by Rule 32.6(b), which provides only that "the defendant may file a reply" within fifteen days after receipt of the state's response. Without further explanation, he states "the purpose and

approach of a Petition for Post-conviction Relief . . . is considerably different from that of a direct appeal." He also cites *State v. Bishop*, 144 Ariz. 521, 524, 698 P.2d 1240, 1243 (1985), as a case in which our supreme court considered "what appeared to be an argument first raised in a Supplemental Reply Brief."

¶5        We will not disturb a trial court's denial of post-conviction relief absent an abuse of discretion. *See State v. Mata*, 185 Ariz. 319, 331, 916 P.2d 1035, 1047 (1996). The trial court did not abuse its discretion here. Although Rule 32.6 does not expressly limit the content of a defendant's reply in a post-conviction relief proceeding, Rule 32.5 requires the petition itself to "include every ground known to him or her for vacating, reducing, correcting or otherwise changing all judgments or sentences imposed upon him or her, and certify that he or she has done so." Moreover, Rule 32 .6(d) provides: "After the filing of a post-conviction relief petition, no amendment shall be permitted except by leave of court upon a showing of good cause." In *Bishop*, the defendant had argued in his petition that it was possible jurors had relied on different underlying felonies to convict him of felony murder, rendering his conviction invalid for lack of jury unanimity. *Bishop*, 144 Ariz. at 523, 698 P.2d at 1242. The defendant in *Bishop* apparently filed a supplemental reply brief in which he had argued "evidence was introduced at trial to support a finding of kidnapping by the jury as an underlying felony." The court, in its discretion, considered the argument. *Id.* at 524, 698 P.2d at 1243.

¶6        Here, Lopez did not attempt simply to further his initial argument in his reply but alleged entirely new claims of ineffective assistance of counsel. "The rule that issues not

3

'clearly raised' in the opening brief are waived" serves "to avoid surprising the parties by 'deciding their case on an issue they did not present' and to prevent the court from 'deciding cases with no research assistance or analytical input from [both] parties.'" *Meiners v. Indus. Comm'n*, 213 Ariz. 536, n.2, 145 P.3d 633, 635 n.2 (App. 2006), *quoting Childress Buick Co. v. O'Connell*, 198 Ariz. 454, ¶ 29, 11 P.3d 413, 418 (App. 2000) (alteration added).

¶7 We see no reason this policy should not apply in Rule 32 proceedings. By raising two new claims in his reply brief, Lopez essentially sought to amend his petition without the leave of the trial court required by Rule 32.6(d). Under such circumstances, the court did not abuse its discretion in declining to consider Lopez's claims of ineffective assistance of trial and appellate counsel that were first raised in his reply brief.

¶8 Although we grant Lopez's petition for review, we deny relief.

_____
J. WILLIAM BRAMMER, JR., Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
GARYE L. VÁSQUEZ, Judge

4