NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

RODNEY DURYEA MOORE, *Appellant.*

No. 1 CA-CR 13-0649

FILED 08-14-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2012-153999-001
The Honorable Teresa A. Sanders, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge Michael J. Brown joined.

---

**J O H N S E N**, Judge:

**¶1**         Rodney Duryea Moore appeals his conviction of robbery, a Class 4 felony, arguing the superior court erred by denying his motion for acquittal.   For the following reasons, we affirm the conviction and the resulting sentence.

**FACTS AND PROCEDURAL HISTORY**

**¶2**         An undercover Phoenix Police officer was sitting in the driver's seat of a car in a Phoenix parking lot, working a prostitution operation.   A man approached the driver's-side window and offered to sell him drugs.   The officer agreed and removed $100 from his wallet.   As the officer was putting his wallet away, Moore, who was standing nearby, reached through the driver's-side window and grabbed the wallet.   The officer resisted and tightened his grip on the wallet, but Moore wrested control of it away from him.   As a result of what the officer called a "struggle," the officer's arm "flew back."

**¶3**         At trial, after the State presented its case, Moore moved for a judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20. The superior court denied the motion.   The jury convicted Moore of one count of robbery, and the court sentenced him to a presumptive term of ten years' imprisonment.   We have jurisdiction over Moore's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2014), 13-4031 (2014) and -4033 (2014).[1]

---

[1]         Absent material revision after the date of the alleged offense, we cite a statute's current version.

**DISCUSSION**

¶4 Moore argues the superior court erred by denying his Rule 20 motion because the evidence was insufficient to prove that he used force to coerce the officer's surrender of the wallet. Because the use of force is an essential element of robbery, Moore argues his conviction should be reversed. *See* A.R.S. § 13-1902(A) (2014).

¶5 We review the denial of a Rule 20 motion for an abuse of discretion. *State v. Leyvas*, 221 Ariz. 181, 191, ¶ 33, 211 P.3d 1165, 1175 (App. 2009). We will reverse only if there is "no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Hall*, 204 Ariz. 442, 454, ¶ 49, 65 P.3d 90, 102 (2003) (internal quotation marks and citations omitted).

¶6 Section 13-1902(A) provides:

> A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property.

"Force" is defined as "any physical act directed against a person as a means of gaining control of property." A.R.S. § 13-1901(1) (2014). The "force" sufficient to constitute robbery must be of such a nature as to demonstrate that it was intended to overpower the victim. *State v. Bishop*, 144 Ariz. 521, 524, 698 P.2d 1240, 1243 (1985).

¶7 Moore argues he did not use force to overpower the officer; rather, he merely snatched the wallet from the officer's hand. Such minor force, he argues, is insufficient to support a robbery conviction. Moore cites *Lear v. State*, 39 Ariz. 313, 6 P.2d 426 (1931), which held "[t]he snatching [of] a thing is not considered a taking by force . . . ." *Id.* at 315, 6 P.2d at 427 (internal quotation marks and citations omitted). But the court in *Lear* also noted that "if there [is] a struggle to keep" the property, "or any violence, or disruption, the taking is robbery . . . ." *Id.* at 315-16, 6 P.2d at 427.

¶8 There is sufficient evidence in the record to demonstrate that there was a "struggle" for control of the officer's wallet: The officer

testified that as Moore reached for the wallet, he (the officer) "grabbed [the wallet] tighter" and Moore had to "yank" and "pull [the wallet] to get it out of [his] hand." *See id.* Thus, although the force Moore used was not extreme or particularly violent, it was sufficient to constitute a "physical act directed against [the officer] as a means of gaining control of [the wallet]." *See* A.R.S. § 13-1901(1); *see also Bauer v. State*, 45 Ariz. 358, 362-63, 365, 43 P.2d 203, 205-06 (1935) (force sufficient to sustain robbery conviction found where victim tried to hold onto property being stolen).

**¶9** Moore suggests the officer dramatized his trial testimony to make the encounter sound more like a "tug-of-war" than the mere "wallet-snatching" that he argues occurred. But such an assertion goes to the credibility of the officer and weight of the evidence, not to its sufficiency. *See, e.g., State v. Cañez*, 202 Ariz. 133, 149, ¶ 39, 42 P.3d 564, 580 (2002); *State v. Quintana*, 92 Ariz. 308, 310, 376 P.2d 773, 774 (1962); *see also* Ariz. R. Crim. P. 20(a) (reversal warranted only in the absence of substantial evidence to support a conviction).

## CONCLUSION

**¶10** We affirm Moore's conviction and resulting sentence.



**Ruth A. Willingham · Clerk of the Court**
FILED: gsh