NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JESUS JACOBO DURAN, *Petitioner.*

No. 1 CA-CR 14-0471 PRPC
FILED 9-22-2016

Petition for Review from the Superior Court in Maricopa County
Nos.  CR2004-131292-001
CR2006-171085-001
CR2008-104747-006
The Honorable Janet E. Barton, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Jesus Jacobo Duran, Buckeye
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Andrew W. Gould  and Judge Kenton D. Jones joined.

---

**B R O W N,** Chief Judge:

**¶1**　　　　Jesus Jacobo Duran petitions for review of the superior court's summary dismissal of his untimely notice of post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1.  We will not disturb a court's order denying relief under Rule 32 unless the court clearly abused its discretion.  *State v. Lopez*, 223 Ariz. 238, 239, ¶ 5 (App. 2009).  Duran has not met his burden of showing such abuse here; therefore, we grant review but deny relief.

**¶2**　　　　In 2006, Duran pled guilty to possession of dangerous drugs for sale in Maricopa County Superior Court cause number CR2004-131292, and to possession of drug paraphernalia in Maricopa County Superior Court cause number CR2006-171085.   The court suspended sentencing and placed Duran on concurrent probation terms of four years on the conviction for possession of dangerous drugs for sale and three years on the conviction for possession of drug paraphernalia.

**¶3**　　　　In 2008, a grand jury indicted Duran on three counts of kidnapping, and one count each of burglary in the first degree, aggravated assault, theft by extortion, and theft of means of transportation in Maricopa County Superior Court cause number CR2008-104747.  The State thereafter filed petitions to revoke Duran's probation in cause numbers CR2004-131292-001 and CR2006-171085.   Duran pled guilty to one count of kidnapping in cause number CR2008-104747 in exchange for dismissal of the other six counts, the allegations of dangerous, his prior felony convictions, and that he was on probation at the time of the offense.  Based on the guilty plea to the kidnapping charge, the court found Duran in automatic violation of his probation in cause numbers CR2004-131292 and CR2006-171085.

**¶4**　　　　The superior court sentenced Duran in the three cases to consecutive terms of ten years on the conviction for kidnapping, five years on the conviction for possession of dangerous drugs for sale, and one year on the conviction for possession of drug paraphernalia.  At sentencing,

Duran was advised of his rights of review, including the requirement that in order to exercise his post-conviction rights he must file a notice of post-conviction relief within 90 days of entry of judgment and sentencing. *See* Ariz. R. Crim. P. 32.4(a).

**¶5**        Duran filed a "delayed," pro se notice of post-conviction relief under all three cause numbers in June 2013, nearly five years after he had been sentenced. In this notice, he stated he was raising a claim of ineffective assistance of counsel and also indicated his untimely filing was through no fault of his own based on Rule 32.1(f). In summarily dismissing the notice of post-conviction relief, the superior court rejected Duran's claim that his untimely filing was without fault on his part, noting Duran had been advised of the time period in which to initiate a post-conviction proceeding, and further finding Duran had "failed to provide sufficient factual or legal basis to substantiate" the claim. *See* Ariz. R. Crim. P. 32.2(b) (stating "notice of post-conviction relief must set forth the substance of the specific exception [to preclusion] and the reasons for not raising the claim in . . . a timely manner"). The court also dismissed the claim of ineffective assistance of counsel Duran raised pursuant to Rule 32.1(a), noting he was precluded from raising such a claim in an untimely petition. *See* Ariz. R. Crim. P. 32.2(b), 32.4(a).

**¶6**        On review, Duran contends the superior court erred by dismissing his Rule 32 notice as untimely. Under Rule 32.4(a), only claims pursuant to Rule 32.1(d), (e), (f), (g) or (h) may be raised in an untimely post-conviction proceeding. When raising a claim barred by Rule 32.4(a), a defendant who files an untimely notice of post-conviction relief "has no remedy unless that defendant can demonstrate, pursuant to Rule 32.1(f), that the 'failure to file a notice of post-conviction relief of-right . . . within the prescribed time was without fault on the defendant's part.'" *State v. Lopez*, 234 Ariz. 513, 515, ¶ 9 (App. 2014) (quoting Ariz. R. Crim. P. 32.1(f)).

**¶7**        In his petition for review, Duran asserts that he was ignorant of his rights due to a limited understanding of the English language. We note, however, that at sentencing Duran signed the "Notice of Rights of Review after Conviction and Procedure" in all three cases, evidencing that he received the notice explaining his rights to obtain post-conviction relief. Under these circumstances, merely referencing a limited understanding of English, without more, when Duran participated in all three cases without the need of an interpreter is not sufficient to demonstrate that the failure to file a timely notice was without fault on his part.

**¶8**      Duran has failed to set forth reasons substantiating his claim based on Rule 32.1(f).  Also, Duran has not asserted that the superior court failed to advise him of the time period in which he must exercise his right to seek post-conviction relief, or that he mistakenly had believed his counsel had filed a timely notice.  Nor has Duran explained why his claims are not subject to preclusion.  Therefore, because Duran did not demonstrate to the superior court that his claims were excepted from preclusion, the court did not abuse its discretion in dismissing his untimely post-conviction proceeding.

**¶9**      Accordingly, we grant the petition for review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4