NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KENDRICK BARROW, *Petitioner*.

No. 1 CA-CR 16-0630 PRPC
FILED 12-19-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2014-001644-001
The Honorable Erin Otis, Judge

**REVIEW GRANTED; RELIEF GRANTED IN PART**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

Maricopa County Office of the Legal Advocate, Phoenix
By Frances J. Gray
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Peter B. Swann and Judge James B. Morse Jr. joined.

---

**M c M U R D I E**, Judge:

¶1　　　　Kendrick Barrow petitions this court to review the superior court's order dismissing his of-right post-conviction relief proceeding, commenced pursuant to Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review and grant relief in part.

## FACTS AND PROCEDURAL BACKGROUND

¶2　　　　After rejecting a few plea offers, Barrow pled guilty directly to the court to aggravated assault, a class 4 felony (Count 1); robbery, a class 4 felony (Count 2); theft, a class 6 felony (Count 3); and two counts of trafficking in stolen property in the second degree, both class 3 felonies (Counts 4 and 5). Barrow also admitted to having two prior felony convictions. The court imposed the following prison sentences: Counts 1 and 2, 4.5 years' imprisonment, concurrent with each other and with Counts 4 and 5; Count 3, 1.75 years' imprisonment, consecutive to the other counts; and Counts 4 and 5, 6.5 years' imprisonment, concurrent with each other and with Counts 1 and 2.

¶3　　　　Barrow timely sought post-conviction relief. He argued the court erred by imposing a consecutive sentence for Count 3 because Counts 1 through 3 constituted a "single act" for sentencing purposes. Barrow also argued the consecutive sentence violated his due process rights because it was imposed to penalize him for rejecting the State's final plea offer. The court summarily denied the Rule 32 petition, and this timely petition for review followed. We review for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

## DISCUSSION

¶4　　　　Barrow argues the superior court erred as a matter of law by determining the theft was an act separate from the assault and robbery, thus justifying a consecutive sentence for Count 3. Specifically, Barrow contends the court misapplied the test, as set forth in *State v. Gordon*, 161 Ariz. 308,

312 (1989), for determining "whether a constellation of facts constitutes a single act . . . or multiple acts. . . ." The State maintains that the issue was waived, and if not waived it is meritless.[1]

## I.  The Alleged Error Invokes Double Jeopardy Concerns and Therefore Is Not Subject to Waiver Under Rule 32.2.

¶5    Arizona Rule of Criminal Procedure 32.2 precludes relief based on any ground that has been waived. Because Barrow's claim invokes double jeopardy analysis, it is not subject to waiver. "[T]he prohibition against double jeopardy is a fundamental right that is not waived by the failure to raise it in the trial court." *State v. Millanes*, 180 Ariz. 418, 421 (App. 1994); *see also State v. Dickinson*, 242 Ariz. 120, 123, ¶ 9 (App. 2017). Therefore, we will review the merits of the claim.

## II.  It Is Fundamental Error to Impose a Consecutive Sentence for a Lesser-Included Offense.

¶6    The Double Jeopardy Clauses of the United States and Arizona Constitutions protect criminal defendants from multiple prosecutions and punishments for the same offense. U.S. Const. amend. V; Ariz. Const. art. 2, § 10; *see also State v. Eagle*, 196 Ariz. 188, 190, ¶ 5 (2000) (federal and Arizona Double Jeopardy Clauses generally provide same protections). Because greater and lesser-included offenses are considered the "same offense," the Double Jeopardy Clauses forbid the imposition of a separate punishment for a lesser offense when a defendant has been convicted and sentenced for the greater offense. *See Illinois v. Vitale*, 447 U.S. 410, 421 (1980); *State v. Garcia*, 235 Ariz. 627, 629, ¶ 5 (App. 2014); *State v. Chabolla–Hinojosa*, 192 Ariz. 360, 362–63, ¶¶ 10–13 (App. 1998).

¶7    Statutorily, the prohibition of multiple punishments for the same act is codified in Arizona Revised Statutes ("A.R.S.") section 13-116, which provides: "An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent." Arizona Courts use the identical elements test to determine whether a "constellation of facts" constitutes a single act, which requires concurrent sentences, or multiple acts, which permit consecutive sentences. *Gordon*, 161 Ariz. at 312; *State v. Tinghitella*, 108 Ariz. 1, 3 (1971).

---

[1]    Barrow makes no argument that there was error in running the theft conviction consecutive to the convictions for trafficking in stolen property.

¶8 Unless there is evidence in the record supporting both robbery and a separate, unrelated theft, the imposition of a consecutive sentence for a theft conviction to the sentence imposed for a greater charge of robbery violates double jeopardy protections, as theft is a lesser-included offense of robbery. *See State v. Wall*, 212 Ariz. 1, 3–4, ¶ 15 (2006) (theft is a lesser-included offense of robbery); *State v. McNair*, 141 Ariz. 475, 482 (1984) (same); *State v. Celaya*, 135 Ariz. 248, 252 (1983) (same); *State v. Dugan*, 125 Ariz. 194, 195 (1980) (same); *State v. Yarbrough*, 131 Ariz. 70, 72–73 (App. 1981) (same). There is no evidence in the record to support separate robbery and theft convictions. There was only one alleged taking of property and that occurred after the assault. The taking of the victim's property had to relate to the force necessary for the robbery conviction, or there would not have been a factual basis for robbery. *See* A.R.S. § 13-1902(A) ("A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property."); *State v. Bishop*, 144 Ariz. 521, 524 (1985); *Lear v. State*, 39 Ariz. 313, 314–15 (1931). Accordingly, the order that Barrow's sentence for the theft conviction run consecutive to the sentence imposed on the robbery conviction must be changed to reflect concurrent sentences. *See* A.R.S. § 13-4037(A) (appellate court authorized to modify an illegal sentence imposed upon a lawful finding of guilt by the trial court); *State v. Gourdin*, 156 Ariz. 337, 339 (App. 1988).

**III.     Under *Gordon*, the Superior Court Did Not Abuse Its Discretion by Ordering the Sentence for the Theft Conviction to Run Consecutive to the Sentence for the Assault.**

¶9 The theft conviction was not a lesser offense of the assault. Therefore, we must apply the second part of the *Gordon* test: ascertaining whether the crimes are one act permitting only concurrent sentences, or multiple acts permitting consecutive sentences. *Gordon*, 161 Ariz. at 315. This analysis involves three factors. *Id.* A court first "consider[s] the facts of each crime separately, subtracting from the factual transaction the evidence necessary to convict on the ultimate charge," and determine whether "the remaining evidence satisfies the elements of the other crime." *Id.* Second, a court "consider[s] whether, given the entire 'transaction,' it was factually impossible to commit the ultimate crime without also committing the secondary crime." *Id.* Finally, a court "consider[s] whether the defendant's conduct in committing the lesser crime caused the victim to suffer an additional risk of harm beyond that inherent in the ultimate crime." *Id.* If two of the three *Gordon* factors weigh in favor of viewing the crimes as

separate acts, then consecutive sentences may be permissible under § 13-116. *See State v. Urquidez*, 213 Ariz. 50, 53, ¶ 10 (App. 2006) (the trial court was not required to impose concurrent sentences "[b]ecause two of the three *Gordon* factors weigh in favor of viewing the two crimes as multiple acts"); *State v. Siddle*, 202 Ariz. 512, 518, ¶ 18 (App. 2002) (consecutive sentences were permissible because two factors strongly suggested the defendant committed multiple acts). We review *de novo* a trial court's decision to impose consecutive sentences in accordance with § 13–116. *Urquidez*, 213 Ariz. at 52, ¶ 6; *Siddle*, 202 Ariz. at 517, ¶ 16.

**¶10**       The superior court found the aggravated assault was the ultimate charge. After applying the *Gordon* factors, the court concluded the theft and aggravated assault constituted separate criminal acts. We find no error.

**¶11**       The record reflects Barrow approached the victim and physically assaulted him, breaking his nose and causing him to lose consciousness. Barrow then "went through [the victim's] pockets" and took the victim's cell phone and two necklaces. Over the next few days, Barrow "pawned" the necklaces on two separate occasions.

**¶12**       Leaving aside the evidence of the aggravated assault, the remaining evidence satisfies the elements of theft, namely that Barrow, without lawful authority, knowingly controlled the victim's property intending to deprive the victim of it. *See* A.R.S. § 13-1802(A)(1) (elements of theft). Secondly, had Barrow not proceeded to take the victim's property after he beat him, Barrow could have committed the aggravated assault without also committing the theft. Finally, Barrow's conduct in committing the theft caused the victim an additional risk of harm—loss of property—beyond the broken nose the victim suffered because of the aggravated assault. *See* A.R.S. §§ 13-1203(A)(1), -1204(A)(3) (elements of aggravated assault). Accordingly, with all *Gordon* factors weighing in favor of concluding the theft and aggravated assault were separate acts, the court did not err by ordering the sentences for those offenses be served consecutively.

## IV.   The Court Did Not Improperly Consider Facts in Reaching Its Sentencing Determination.

**¶13**       On the day set for trial, Barrow appeared at a settlement conference where the court engaged him and the prosecutor in a lengthy discussion of the State's possible plea offer that included a stipulation to a six to seven-year prison sentence followed by probation. The court recessed

until the afternoon so the prosecutor could draft the plea agreement and so Barrow could get his "ducks in a row." Barrow failed to return, thereby rejecting the offer. Consequently, the court revoked Barrow's release and set a status conference, where Barrow subsequently pled to the court.

¶14        Barrow contends the court ordered the sentence for theft to be served consecutively as retribution for Barrow's refusal of the State's final plea offer. We reject this argument because the record is to the contrary. The court expressly informed the parties that the sentence was *not* a response to Barrow's failure to appear. The court explained the consequence for Barrow's failure to appear was "revoking [Barrow's] release and beyond that, that incident was not going to in any way impact what [the court] thought was going to be an appropriate sentence in this case." No error occurred.

## CONCLUSION

¶15        We grant review and grant relief in part. We modify the sentencing order to reflect that the sentence on Count 3 (theft) shall be served concurrent with the sentence on Count 2 (robbery). We affirm the remainder of the sentences imposed.



AMY M. WOOD • Clerk of the Court
FILED:  AA