NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

RUBI LAUREANO, *Petitioner.*

No. 1 CA-CR 16-0663 PRPC
FILED 1-2-2018

---

Petition for Review from the Superior Court in Maricopa County
No. CR2015-001251-001 DT
The Honorable Dean M. Fink, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jeffrey R. Duvendack
*Counsel for Respondent*

Law Offices of Matthew H. Green, Tucson
By Mary M. Kincaid
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

---

**W I N T H R O P**, Presiding Judge:

**¶1** Rubi Laureano petitions this court for review of the dismissal of her of-right petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2** Although she was aware her husband had sexually abused and impregnated their thirteen-year-old daughter, Laureano did not report the abuse to police. After the victim's school reported the abuse, the State charged Laureano with one count each of child abuse, a class 4 felony, and failure to report nonaccidental injuries and physical neglect of minors, a class 6 felony.

**¶3** Laureano, a Mexican national who was unlawfully present in the United States, subsequently pled guilty to an amended count of child abuse, a class 6 undesignated felony. At sentencing, defense counsel requested that the court designate the offense a misdemeanor. The court denied the request, imposed a two-year term of probation, and ordered that the offense remain undesignated until Laureano completed probation.

**¶4** Laureano timely sought post-conviction relief. In her first amended Rule 32 petition, Laureano raised a claim of ineffective assistance of counsel ("IAC") based on counsel's purported failure to "effectively engage in plea negotiations." Specifically, Laureano argued counsel's performance was deficient for not attempting to negotiate an agreement to plead guilty only to compounding, a conviction for which, according to Laureano, would not trigger immigration proceedings to remove her from the United States.[1] *See* Ariz. Rev. Stat. § 13-2405(A)(2) (2010) (providing that

---

[1] Because the record reflects Laureano argued in superior court that counsel was ineffective for failing to negotiate a specific plea agreement, we reject her assertion in her petition for review that she did not seek a "specific plea."

a person commits compounding by knowingly accepting, or agreeing to accept, any pecuniary benefit for refraining from reporting to law enforcement authorities the commission of any offense). The superior court summarily dismissed the petition, reasoning in part that Laureano was properly advised regarding the adverse effect a guilty plea could have on her immigration status, and Laureano failed to establish the State would have agreed to offer a plea to compounding. Laureano timely filed a petition for review. We review for an abuse of discretion the court's dismissal of Laureano's first amended petition. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

**¶5** No error occurred. The record supports the superior court's finding that Laureano was advised her guilty plea could result in negative consequences regarding her immigration status. The court also correctly found that Laureano failed to establish the requisite prejudice for her IAC claim because she did not establish a reasonable probability the State would have agreed to a plea for compounding. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984) (holding that, to state a colorable claim of ineffective assistance of counsel, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"), *superseded by statute on other grounds*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214 (1996).

**¶6** Laureano nonetheless contends the court erred in failing to apply the correct standard to determine whether an attorney's advice to a client that a guilty plea "may" have immigration consequences was sufficient. Relying on an opinion by the Ninth Circuit Court of Appeals, Laureano argues her lawyer had a duty to advise her that a conviction for child abuse was "virtually certain" to lead to her removal. Laureano first raised this argument in her reply to the State's response to her petition for post-conviction relief; thus, the superior court properly exercised its discretion in not addressing it. *See State v. Lopez*, 223 Ariz. 238, 240, ¶ 7 (App. 2009) (holding that the superior court may refuse to consider issues and arguments first raised in a reply in support of a petition for post-conviction relief). Accordingly, we also do not address this issue. *See* Ariz. R. Crim. P. 32.9(c) (permitting a petition "for review of the actions of the trial court").

¶7        Accordingly, although we grant review, we deny relief.

