NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

WALTER HERBERT KISEMH, *Petitioner*.

No. 1 CA-CR 17-0719 PRPC
FILED 4-10-2018

Petition for Review from the Superior Court in Yavapai County
No. P1300CR201600220
The Honorable Patricia A. Trebesch, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Danalyn Savage
*Counsel for Respondent*

Walter Herbert Kisemh, Phoenix
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Peter B. Swann and Judge James P. Beene joined.

**T H O M P S O N**, Presiding Judge:

**¶1**     Petitioner Walter Herbert Kisemh petitions this court for review from the summary dismissal of his petition for post-conviction relief of-right.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**     Kisemh pled guilty to aggravated driving under the influence and taking the identity of another.  The superior court sentenced him to concurrent terms of six years' imprisonment for each count.  Kisemh filed a pro se petition for post-conviction relief of-right after his counsel found no colorable claims for relief.  The superior court summarily dismissed the petition and Kisemh now seeks review.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes (A.R.S.) section 13-4239(C) (2010).

**¶3**     In his petition for review, Kisemh argues his first trial counsel was ineffective when counsel failed to challenge the grand jury proceedings.  Kisemh contends counsel should have challenged the proceedings based on the alleged absence of evidence to support the indictment.[1]  He further argues his first counsel should have discussed challenging the grand jury proceedings with Kisemh's subsequent counsel even though his first counsel no longer represented Kisemh.

**¶4**     We deny relief because Kisemh waived these issues when he pled guilty.  A plea agreement waives all non-jurisdictional defenses, errors and defects which occurred prior to the plea.  *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982).  The waiver of non-jurisdictional defects includes deprivations of constitutional rights.  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").  Further, the waiver includes all claims of ineffective assistance of counsel not directly related to the entry of the plea. *State v. Quick*, 177 Ariz. 314, 316 (App. 1993).  The claim that counsel failed to challenge a grand jury proceeding is not directly related to the entry of a plea.

---

[1] Kisemh's first trial counsel withdrew with Kisemh's consent after they were unable to overcome their disagreements regarding trial strategy.

**¶5**         Finally, Kisemh makes a cursory argument that his pleas were not knowing, intelligent and voluntary because of his first counsel's failure to challenge the grand jury proceedings. We deny relief on this issue as well. First, Kisemh did not raise this issue in his petition for post-conviction relief below. While Kisemh raised this new issue in the reply below, a defendant may not amend a petition for post-conviction relief to raise new issues absent leave of court upon a showing of good cause. Ariz. R. Crim. P. 32.6(c). The superior court did not grant Kisemh leave to amend the petition with this new issue and did not address it.[2] A superior court may refuse to consider new issues and arguments first raised in a reply in support of a petition for post-conviction relief. *State v. Lopez*, 223 Ariz. 238, 240, ¶ 7 (App. 2009). Second, Kisemh cannot claim his pleas were involuntary based on counsel's failure to raise an issue Kisemh waived.

**¶6**         We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[2] In its conclusion, the court made a generic reference that its review of the overall record showed Kisemh's pleas were knowing, intelligent and voluntary. The court did not address Kisemh's new claim that Kisemh's pleas were involuntary based on counsel's alleged inaction.