[Criminal No. 183.    Filed March 30, 1905.]

[80 Pac. 391.]

RITO RAMIREZ, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—ROBBERY—EVIDENCE—INSUFFICIENCY.—Force or fear being requisite to constitute the crime of robbery, a verdict of guilty of robbery should be set aside where there is an utter absence of evidence tending to show the use of force or the existence of fear.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yuma. George R. Davis, Judge. Reversed.

The facts are stated in the opinion.

H. Wupperman, for Appellant.

No appearance for Respondent.

DOAN, J.—The appellant was indicted for the offense of robbery alleged to have been committed on one John C. Murray on the sixth day of March, 1904. The indictment charged that the defendant "did then and there willfully, unlawfully, feloniously, and forcibly take from the person of one John C. Murray one gold coin . . . of the denomination of five dollars." After arraignment and plea of not guilty, the case was tried to a jury, which returned a verdict of guilty. A motion to set aside the verdict and grant a new trial was presented, argued, and denied, and the judgment of the court was pronounced, sentencing the defendant to imprisonment in the territorial prison for the term of five years. From the denial of the motion and the judgment of the court, the defendant has appealed.

The motion to set aside the verdict and grant a new trial was based upon the ground that the verdict was contrary to the law and evidence. The court properly instructed the jury upon the essential elements of the crime of robbery, and the necessity of force or intimidation to constitute the offense. The court said: "Robbery is the felonious taking of personal property in the possesion of another, from his person or immediate presence and against his will, accomplished by means

IX Ariz.—12

of force or fear. This indictment charges the offense of robbery against the defendant, Rito Ramirez. In order to convict the defendant of the crime thus charged, it devolves upon the territory to prove to you the truth of each and all material allegations therein contained against the defendant. Nothing is to be presumed or taken by implication against the defendant. The law, on the contrary, presumes him to be innocent of the crime with which he is charged, until his guilt be established by competent evidence beyond a reasonable doubt. The jury are instructed that, if the defendant merely filched from the pocket of the complaining witness the five-dollar gold piece mentioned in the indictment, the mere force necessary to remove the property is not all the force required by the statute to constitute the robbery.''

The record discloses no evidence whatever to support the charge of force or intimidation in the taking of the money. It appears that both the prosecuting witness and the defendant had been drinking on the night of the alleged robbery; that they had been sitting together in a saloon, and the defendant, sitting by the side of the prosecuting witness, who was playing cards, was seen to put his hand into the prosecuting witness's pocket on different occasions. They afterwards went out from the saloon to the street, and later in the night were arrested and placed in jail. After their arrest a five-dollar gold piece, fifty cents in silver with some small coins, were found on the person of the defendant. No one was present with them at the time of the alleged offense, and the testimony of the prosecuting witness contains the only statement of the particular facts and circumstances of the offense. He states that he was drunk, and had been drunk all the evening. ''I lost my reason partly in the evening. I know that in the morning—that is, some time during the night—I was over across the alley from the Turf Saloon, in that alley, and I felt somebody come up behind me and run their hands in my pocket, and then run off. That was the first recollection I had in six or seven hours. After that . . . I threw my hat over my shoulders and started after him, and, as I did, the officer nailed me, and I was then within about twenty feet of him. . . . I don't remember going out of the saloon; I remember being in the alley. That is my first recollection.—Q. How long did you stay in the Turf Saloon?

—A. From all accounts it must have been five or six hours.—
Q. What hour was it when you went across the street to the
alley?—A. I don't know.—Q. Did you see the defendant
there?—A. Not to my recollection.—Q. What happened when
you went across the street?—A. Somebody stepped up behind
me and put his hands in my pocket.—Q. How do you know?
—A. Because I remember that.—Q. Did you notice somebody
come up behind you?—A. No, sir; somebody put their hand
in my pocket and walked away." The officer who made the
arrest testified that he had seen the defendant watching the
prosecuting witness in the saloon while the latter was playing
cards, had seen him have his hand half-way in Murray's
pocket, and when Murray left the saloon the defendant fol-
lowed him out. The officer watched them: "They went up
the street about half a block, and went into another dark
alley, and in a little while Ramirez came out ahead of Mur-
ray. Murray was following him, and was hallooing at Ra-
mirez, and Ramirez started to go across the street, and Mr.
Martinez and I ran out and got him." Another witness who
saw the arrest testified: "They were coming from the alley
just south of the Wig Wam. Ramirez was in front, and Mur-
ray was behind him, about twenty feet, I suppose. They were
coming across the street, walking tolerably fast, both of them.
—Q. Did you see anything else that evening?—A. Well, I
seen the officer arrest him." While the evidence might be
sufficient to sustain a charge of larceny, there is absolutely no
evidence in the record showing or tending to show any force
used by the defendant, any fear on the part of the prosecuting
witness, or any intimidation by the defendant calculated to
place the prosecuting witness in fear. Force or fear being re-
quisite to constitute the crime of robbery, that offense was not
established. The court erred in denying the motion to set
aside the verdict for want of evidence.

There being no evidence to sustain the verdict or the judg-
ment based thereon, the judgment of the lower court is re-
versed and the defendant discharged.

KENT, C. J., and SLOAN, J., concur.

NOTE.—As to what force is sufficient to constitute robbery, see note to
*Jones* v. *Commonwealth,* (Ky.) 57 L. R. A. 432.