610 P.2d 1049
**The STATE of Arizona, Appellee,**

v.

**Vernon Miller BUFFUM, Appellant.**

No. 4894.

Supreme Court of Arizona,
In Banc.

April 21, 1980.

———

Robert K. Corbin, Atty. Gen., by William J. Schafer III and Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Thomas A. Moran, Yuma, for appellant.

CAMERON, Justice.

Defendant was charged by indictment with seven counts of sexual conduct with a minor under fifteen years of age, A.R.S. § 13–1405; and seven counts of child molestation, A.R.S. § 13–1410. Both offenses are Class Two Felonies, A.R.S. § 13–1405(B) and A.R.S. § 13–1410, with a presumptive sentence of seven years imprisonment.

A.R.S. § 13–701(B). The victim was an eleven year old girl who lived with her mother, and defendant was the common law husband of the girl's mother. We have jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

We need consider only one question on appeal and that is whether the defendant was entitled to a twelve-person jury.

At the commencement of the trial, the defendant raised the question of the number of jurors contending that the defendant was entitled to a twelve-person jury. The prosecutor agreed stating that to play if safe, there should be a jury of twelve. The court disagreed stating:

> "THE COURT: Well, partly because this courtroom doesn't have room for twelve jurors, but mainly because it is the feeling of the Court that despite the language of the statute, it is referring to anyone charged and any one of the charges that this defendant is charged with does not carry a penalty in excess of thirty years, that he is not entitled to more than eight jurors, and that merely charging multiple counts does not change that situation.
>
> So your objection is noted, Mr. Moran, and Mr. Dawley, and the objection is overruled. We will proceed with a jury of eight.
>
> So call the panel."

The defendant was convicted of five counts of sexual conduct with a minor under fifteen years of age and three counts of child molestation. He was sentenced to seven years on each count to be served concurrently. He appeals.

Our Constitution reads:

"Art. 2

"§ 23. Trial by jury; number of jurors specified by law

"Section 23. The right of trial by jury shall remain inviolate. Juries in criminal *cases* in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons. * * * As amended, election

Nov. 7, 1972; proclamation date—Dec. 1, 1972." (Emphasis added)

And our statute reads:

"§ 21–102. Juries; size; degree of unanimity required; waiver

"A. A jury for trial of a criminal *case* in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons, and the concurrence of all shall be necessary to render a verdict." (Emphasis added)

The defendant on appeal contends that since this was a case involving a potential punishment in excess of thirty years, a twelve-person jury was required. The State, in its answering brief, candidly admits that this is true and we agree. Our Constitution, Art. 2, § 23, and our statute, A.R.S. § 21–102, specifically refer to cases and not counts or charges. In the instant case, if found guilty on each count and if sentenced to serve the presumptive seven years on each count to be served consecutively, A.R.S. § 13–708, the defendant could have received a total of 98 years. As the Arizona Court of Appeals has pointed out:

"The Attorney General suggests that Art. 2, § 23 only applies to the statutorily authorized possible sentence per charge or count. Under this view, one looks to each individual charge or count and if each statutorily authorized sentence is less than thirty years, then the defendant is not entitled to a jury of twelve, regardless of what the total possible sentence may be. We disagree. The Constitution is clearly addressed to the total possible authorized sentence in a criminal case, here twenty-nine years, and not to the possible sentence on each count which a defendant faces." *State v. Parker*, 22 Ariz.App. 111, 115, 524 P.2d 506, 510 (1974). See also *State v. Madison*, 114 Ariz. 221, 560 P.2d 405 (1977).

Reversed and remanded for new trial.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.