611 P.2d 125

**STATE of Arizona, Appellee,**

v.

**Darrell MIGUEL, Appellant.**

**No. 1 CA–CR 4332.**

Court of Appeals of Arizona, Division 1, Department B.

May 8, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel Criminal Division and Dennis C. Freeman, Asst. Atty. Gen., Phoenix, for appellee.

Waldo W. Israel, Yuma, for appellant.

## OPINION

O'CONNOR, Judge.

In March, 1979, the Yuma County Grand Jury returned a six-count indictment against appellant, Darrell Miguel, and three others. The charges against Miguel were: Count I, robbery of Gustavo Freeman while armed with a deadly weapon, to wit: a gun and a knife, a class 2 felony, in violation of A.R.S. §§ 13–1901, 13–1902, 13–1904, 13–604, 13–701, 13–801; * Count II, robbery of Michael McKinnon while armed with a deadly weapon, to wit: a gun and a knife, a class 2 felony, in violation of A.R.S. §§ 13–1901, 13–1902, 13–1904, 13–604, 13–701, 13–801; Count III; burglary of the residence of Gustavo Freeman while armed with a deadly weapon, a class 2 felony, in violation of A.R.S. §§ 13–1501, 13–1508, 13–701, 13–801; and Count IV, aggravated as-

* All references are to statutory designations under the new Arizona Criminal Code, effective October 1, 1978.

sault upon Joseph Demoura with a deadly weapon, to wit: a gun, a class 3 felony, in violation of A.R.S. §§ 13–1203, 13–1204(A)(2), 13–604, 13–701, 13–801. Miguel pled not guilty but was convicted by a jury on all counts. Following a presentence hearing and entry of judgment of guilt, appellant was sentenced to concurrent terms of seven years' imprisonment on each of the four counts. We have jurisdiction of his appeal from the judgments of conviction and the sentences. A.R.S. §§ 13–4031, 13–4033.

The facts are restated briefly in a light most favorable to sustaining the convictions. *State v. Acree*, 121 Ariz. 94, 588 P.2d 836 (1978). On the night of March 20, 1979, appellant, Miguel, wearing sunglasses and armed with a small caliber pistol, and Glen Baxter, wearing a gas mask and armed with a hunting knife, entered the trailer home of Gustavo Freeman and Joseph Demoura in Yuma. Present in the trailer were Demoura, Freeman, and Michael McKinnon. Freeman was intoxicated and was asleep on the couch. Appellant and Baxter announced their intention of robbing the persons present in the trailer. While appellant kept his pistol trained on McKinnon and Demoura, Baxter held the knife to the throat of McKinnon, cutting him slightly, and took approximately $4.00 in cash from McKinnon. Baxter then went to the sleeping Freeman and began shoving and pushing him around. Freeman did not fully waken, and Baxter took Freeman's wallet from his pocket. Baxter removed approximately $432.00 in cash from the wallet. Despite the actions of Baxter, Freeman was not fully awake until the two robbers had left the trailer.

■ Prior to the trial, counsel for appellant requested the court to impanel a jury of twelve on the basis that Miguel's total potential sentences exceeded thirty years and he was thus entitled to a jury of twelve by law. The state joined in his request, but the trial court denied the motion stating that an eight member jury was sufficient because no potential sentence on any one count exceeded thirty years. Appellant re-

news this point on appeal. We agree with appellant's position and reverse the conviction on all counts.

The Arizona Constitution, article 2, section 23, provides:

The right of trial by jury shall remain inviolate. Juries in criminal cases in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons. In all criminal cases the unanimous consent of the jurors shall be necessary to render a verdict. In all other cases, the number of jurors, not less than six, and the number required to render a verdict, shall be specified by law.

Additionally, A.R.S. § 21–102(A) requires:

A jury for trial of a criminal case in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons, and the concurrence of all shall be necessary to render a verdict.

In the instant case, the maximum possible sentence for Counts I and II, robbery while armed with a deadly weapon, was 21 years' imprisonment on each count. A.R.S. §§ 13–1904, 13–701(B), 13–702, 13–604(G). The maximum possible sentence for Count III, burglary while armed with a deadly weapon, was 21 years. A.R.S. §§ 13–1508(B), 13–701(B), 13–702, 13–604(G). The maximum possible sentence for Count IV, aggravated assault with a deadly weapon, was 15 years' imprisonment. A.R.S. §§ 13–1204(B), 13–701(B), 13–702, 13–604(G). While each of the counts involved did not individually present a maximum potential sentence greater than 30 years, the total possible sentence in this "case," if the sentences were made to run consecutively, was 78 years. A recent supreme court case holds that the term "case" denotes the aggregation of counts or charges within the whole indictment or information. *State v. Buffum*, 125 Ariz. 488, 610 P.2d 1049 (1980). *See also State v. Cook*, 122 Ariz. 539, 596 P.2d 374 (1979). There is dicta to the same effect in *State v. Parker*, 22 Ariz.App. 111, 115, 524 P.2d 506, 510 (1974), and *State v. Madison*, 114 Ariz. 221, 224, 560 P.2d 405,

408 (1977). Under these circumstances, our relevant constitutional and statutory provisions mandate that appellant be granted a twelve member jury.

If as a result of the new trial appellant is convicted of the charges, the sentences imposed must comply with the requirements set forth by the United States Supreme Court in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). *See* rule 26.14, Arizona Rules of Criminal Procedure. Notwithstanding the fact that the trial court may determine not to impose sentences which in the aggregate would not exceed thirty years or more, we hold that art. 2, § 23 of the Arizona Constitution applies if the total statutorily authorized sentences are thirty years or more.

While this case must be reversed for failure to impanel a twelve member jury, we address ourselves to appellant's second issue because of the probability of reoccurrence upon retrial. Appellant contends, as to Count I only, that the evidence was insufficient to convict because, as a matter of law, there can be no taking of property against the will of a voluntarily unconscious victim, and there can be no force or threat of force against such a victim.

A.R.S. § 13–1902(A) defines robbery as follows:

> A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property.

■ Initially, we agree with appellant's assertion that the force used to merely remove the property from a victim is not the same force required by statute to support a robbery charge. *Ramirez v. Territory*, 9 Ariz. 177, 80 P. 391 (1905); *Lear v. State*, 39 Ariz. 313, 6 P.2d 426 (1931). Thus, in the instant case, the mere removal of the wallet from the victim's pocket does not constitute the element of force or threat required to support a robbery conviction.

■ However, there was also evidence that upon removal of his wallet Freeman was thrown from the couch and was thrown down again when he tried to get up. The evidence also showed that both threats and force were used against the other victims, McKinnon and Demoura. A.R.S. § 13–1902(A) makes clear that the threats or force may be directed against "any person," not necessarily only against the person dispossessed of the property, if the threats or force are with the intent to coerce surrender of the property or to prevent resistance. As stated in R. Gerber, *Criminal Law of Arizona* 271 (1978):

> The reference to force used against "any person" means that robbery may occur even if the victim of the assault is not the same person as the victim dispossessed of property.

We believe there was ample evidence on which the trier of fact could determine that force was used against both Freeman and the other persons present with the intent to prevent resistance to the taking of Freeman's money.

A.R.S. § 13–1902 eliminates the requirement that the victim be placed in fear. "The new statute views robbery as an offense independent of the victim's courage or lack of it." R. Gerber, *supra* at 271. Nevertheless, there is a further element of robbery as defined in A.R.S. § 13–1902(A): the taking must be *against the will* of the victim.

In *Ramirez v. Territory*, a robbery verdict was set aside when money was taken from the pocket of a drunken victim. The court based its decision on the lack of evidence of force by the defendant and the lack of fear by the victim. 9 Ariz. at 178–79, 80 P. at 391–92. In *Williams v. State*, 9 Ga.App. 170, 70 S.E. 890 (1911), the Georgia court considered a robbery conviction involving a drunken victim and expressed the view that robbery requires evidence that the victim was conscious and had knowledge that his property was being taken. *See also Lear v. State*, 39 Ariz. 313, 6 P.2d 426 (1931); Annot., 8 A.L.R. 359 (1920); Annot., 42 A.L. R.3d 1381 (1972).

**542**

As noted above, the provisions of A.R.S. § 13–1902(A) have eliminated the requirement that the victim be placed in fear, and have provided that the force or threat may be against the victim or another person who is present. We believe the requirement that the taking of property be "against the will" of the victim is intended to exclude from the definition of robbery, the taking of property with the consent of the victim, unless the consent is obtained and vitiated by the use of force or threat of force. Similarly, kidnapping involves the taking away of a person by force or fraud "against the will" of the victim, and hence consent is a defense. It has been held that the lack of consent in kidnapping cases can be established by a showing that force or fraud was used to obtain the consent. *Matter of Appeal in Maricopa County Juvenile Action No. J–72472 S*, 25 Ariz.App. 377, 543 P.2d 806 (1975).

It is our opinion that where the evidence establishes beyond a reasonable doubt that the victim did not in fact consent to the taking of his property, and that he was physically unable to give such consent, whether from voluntary or involuntary causes, it will be presumed that the taking was against the victim's will.

Because of the failure of the court to impanel a jury of twelve persons, the convictions and sentences are reversed. The case is remanded for a new trial and proceedings consistent with this opinion.

EUBANK, P. J., Department B, and HAIRE, J., concur.