142 P.3d 720

**STATE of Arizona, Appellee,**

v.

**David Patrick PARKS, Appellant.**

**No. 1 CA–CR 03–0573.**

Court of Appeals of Arizona, Division 1, Department D.

Sept. 14, 2006.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section, Phoenix, Attorneys for Appellee.

James Haas, Maricopa County Public Defender By Spencer D. Heffel, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## SUPPLEMENTAL OPINION

NORRIS, Judge.

¶ 1 Defendant, David Patrick Parks, was convicted of manslaughter in the shooting death of Neal Pluguez. On appeal, Parks argued the superior court should not have admitted into evidence at trial the out-of-court statements made to police officers by his son Cory, who had witnessed the shooting. We held Cory's statements were the product of a police interrogation and, thus,

testimonial under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Because the statements were testimonial, and Parks had not received a prior opportunity to cross-examine Cory, we further held the superior court should not have admitted the statements into evidence. We thus reversed Parks' conviction and remanded for a new trial. *State v. Parks,* 211 Ariz. 19, 21, ¶ 2, 116 P.3d 631, 633 (App.2005).

¶ 2 After the Arizona Supreme Court granted the State's petition for review, the United States Supreme Court revisited *Crawford* and addressed whether statements made to law enforcement personnel during a 9-1-1 call or at a crime scene could be testimonial and thus subject to the requirements of the Sixth Amendment. *Davis v. Washington,* —— U.S. ——, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). Our supreme court remanded this case to us for reconsideration in light of Davis.

¶ 3 In *Crawford,* the Supreme Court set forth various formulations of the core class of testimonial statements but did not endorse any of them, although it noted that some statements qualified under any definition. Among the statements that qualified as testimonial were statements taken by police officers in the course of an interrogation. The Supreme Court did not define interrogation except to say that it was using the term "in its colloquial, rather than in any technical legal, sense." 541 U.S. at 53, n. 4, 124 S.Ct. 1354.

¶ 4 In *Davis,* the court discussed the type of police interrogation that would produce a testimonial statement. It stated:

Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

126 S.Ct. at 2273–74 (footnote omitted).

¶ 5 On remand, the question before us is whether, objectively considered, the police officer's interrogation of Cory at the crime scene produced testimonial statements. We again hold it did. The principles we drew from *Crawford* and our application of those principles to the statements made by Cory at the crime scene are in accord with *Davis.* Compare *Davis,* 126 S.Ct. at 2273 with *Parks,* 211 Ariz. at 29–30, ¶¶ 46–53, 116 P.3d at 641–42.

¶ 6 As we explained in our opinion, the purpose of the police officer's questioning of Cory was to obtain information regarding a potential crime. Further, there were no exigent safety, security, or medical concerns. *Id.* at 30, ¶ 52, 116 P.3d at 642. As we also explained, after the police officer had determined Cory and his uncle, Harold, had witnessed the shooting, he separated them. The officer's individual and sequential interview with Cory and Harold reflected the police officer was operating in an investigative mode and was attempting to ensure their recollections would remain their own and have more prosecutorial force. *Id.* We held these circumstances further demonstrated that at the time the police officer began to question Cory, the questioning was to obtain information regarding a possible crime. *See Davis,* 126 S.Ct. at 2278 (police separation of one declarant from other declarant during questioning at the crime scene reflected testimonial purpose of interrogation).

¶ 7 In the words of the Supreme Court, the police officer who questioned Cory was not seeking to determine " 'what is happening' " but rather " 'what happened.' " *Id.* at 2278. Cory's statements to the police officer at the crime scene were testimonial. Under *Crawford* and *Davis,* their admission at trial violated Parks' constitutionally protected right to confront the witnesses against him.

¶ 8 We therefore reaffirm our reversal of Parks' conviction and remand for a new trial.

CONCURRING: PATRICK IRVINE and G. MURRAY SNOW, Judges.