NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GERALD LONNY SWOPE, *Appellant*.

No. 1 CA-CR 13-0831
FILED 4-14-2015

Appeal from the Superior Court in Mohave County
No. S8015CR201201605
The Honorable Steven F. Conn, Judge

**REVERSED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge John C. Gemmill joined.

---

**W I N T H R O P**, Judge:

¶1        Gerald Lonny Swope appeals his convictions and resulting sentences on two counts of sale of dangerous drugs (methamphetamine). This court ordered supplemental briefing to address whether a limiting instruction should have been given regarding the admission of the recordings of the alleged drug sales.  Because the trial court erred in refusing to give a necessary limiting instruction, we reverse the convictions and sentences and remand for a new trial.  We further address four additional issues likely to reoccur on remand.

**FACTS AND PROCEDURAL HISTORY**

¶2        A narcotics detective received information that caused Swope to become the subject of a drug investigation.  The detective arranged for an informant to go to the residence where Swope was believed to reside and make controlled buys of methamphetamine on three separate occasions.  On each occasion, the informant wore an audio recorder and a transmitter to permit the detective to monitor him from outside the residence while he made the buy.  Before each buy, there were prefatory recorded comments made by the informant, and then each transaction was recorded.  The informant purchased .59 grams of methamphetamine on the first occasion, .26 grams on the second occasion, and .51 grams on the third occasion.

¶3        Swope was indicted on three counts of sale of dangerous drugs (methamphetamine), each a class 2 felony.  The State lost contact with the informant subsequent to the indictment, resulting in the informant being unavailable to testify at trial.  In the absence of the informant, the State's case against Swope rested entirely on the recordings of the three drug sales and the testimony of the narcotics detective, who identified the voice of the person he heard on two of the three recordings selling the methamphetamine as Swope's voice based on his prior contacts with Swope.  The jury convicted Swope on two of the counts and acquitted him

on the third.[1] The trial court sentenced Swope to concurrent, mitigated five-years and one-month prison terms on the two convictions and further imposed fines and fees totaling $3,746. Swope timely appealed.

## ANALYSIS

### I.     *Admission of Recordings*

**¶4**        After learning the informant would not be testifying at trial, Swope moved to preclude admission of the recordings of the drug sales, arguing the informant's statements on the recordings were hearsay and their admission would violate his confrontation rights. The trial court denied the motion, and the State introduced and played the recordings at trial.

**¶5**        During trial, following the State's playing of two of the three recordings, Swope requested an instruction regarding the proper limited use of the recordings by the jury. The request was made because at several points on the recordings (both in approaching the residence on each occasion and then during the transactions) the informant referred to the person from whom he was purchasing drugs as "Gerald." Swope argued that the jury should be instructed that the informant's use of that name should not be considered for purposes of identifying the person selling the drugs because that would constitute an improper hearsay use of the recording. While acknowledging that "I'm sure the [S]tate is going to argue that that is an identification of the defendant," the trial court denied the request, stating "I don't know that calling someone by name is generally intended as an assertion."

**¶6**        On appeal, Swope argues that the trial court erred in admitting the recordings of the drug transactions. Specifically, Swope alleges the portions of the recordings that contained statements from the informant *before* the drug sale were inadmissible hearsay and violated his right to confront witnesses. The Confrontation Clause of the Sixth Amendment prohibits the admission of testimonial hearsay from a non-testifying witness unless that person is unavailable and the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). The precise parameters of testimonial hearsay are still being developed by the courts, but "a statement may be testimonial under

---

[1]      The jury found Swope guilty of the two counts where a detective identified Swope's voice as that of the seller on the recorded drug transactions.

*Crawford* if the declarant would reasonably expect it to be used prosecutorially or if it was made under circumstances that would lead an objective witness reasonably to believe the statement would be available for use at a later trial." *State v. Parks*, 211 Ariz. 19, 27, ¶ 36, 116 P.3d 631, 639 (App. 2005), *aff'd on remand*, 213 Ariz. 412, 142 P.3d 720 (App. 2006). Though we generally review rulings on the admissibility of evidence for abuse of discretion, we review rulings that implicate the Confrontation Clause *de novo*. *State v. Tucker*, 215 Ariz. 298, 315, ¶ 61, 160 P.3d 177, 194 (2007).

**¶7** There was no error by the trial court in ruling that the State could introduce the recordings of the drug transactions themselves for the non-hearsay purpose of proving the operative facts of the offenses charged. *See State v. Silva*, 137 Ariz. 339, 341, 670 P.2d 737, 739 (App. 1983). Hearsay is defined as an out-of-court statement offered to prove the truth of the matter asserted. Ariz. R. Evid. 801(c); *State v. Bass*, 198 Ariz. 571, 577, ¶ 20, 12 P.3d 796, 802 (2000). *Crawford* notes that testimonial statements do not violate the Confrontation Clause when they are used for purposes other than the truth of the matter asserted. 541 U.S. at 59 n.9. Thus, to the extent use of the recordings was limited to whether the conversations actually occurred and what was said by each participant, there was no deprivation of any right of confrontation. *See Silva*, 137 Ariz. at 341, 670 P.2d at 739; *see also Dutton v. Evans*, 400 U.S. 74, 88 (1970) (holding neither hearsay rule nor confrontation clause prevents admission of evidence of what is said; rather, they merely restrict "proof of fact through extrajudicial statements"). Here, there were two declarants: the informant and Swope. Swope's statements were party admissions and thus did not constitute hearsay under Ariz. R. Evid. 801(d)(2)(A). The informant's statements, however, may have constituted hearsay if not used for a non-hearsay purpose. *See Crawford* at 59 n.9.

**¶8** The problem with admission of certain portions of the recordings was that the jury may have improperly considered the evidence or applied it in an improper manner. In particular, unless appropriately instructed, it was possible for the jury to consider the fact that the informant referred to "Gerald" during the transactions not only as evidence that the seller's name is Gerald, but also to support a conclusion that the seller was, in fact, Gerald Swope. Such use would violate the rule against hearsay as that would constitute an assertion that the seller was in fact named Gerald. In addition, given the unavailability of the informant for cross-examination at trial, this use of the informant's recorded statements would violate the Confrontation Clause as the recordings were deliberately made as part of a police investigation for the express purpose of use at trial in a criminal case against the seller and are therefore "testimonial" under *Crawford*.

¶9        Where evidence is admissible for one purpose, but not for another, the Rules of Evidence do not preclude its admission. *Readenour v. Marion Power Shovel*, 149 Ariz. 442, 449, 719 P.2d 1058, 1065 (1986). "To exclude the evidence of mixed admissibility entirely in jury cases would hardly be appropriate since its exclusion might well deny the jury access to facts which are essential for reaching a reasonably accurate decision." *Id.* (quoting J. Weinstein & M. Berger, Weinstein's Evidence ¶ 105[2] at 105-11 (1985)). The portions of the recordings that contain statements made by the informant *before* the drug-sale were hearsay and inadmissible. The portions of the recordings that document the alleged drug sales, however, were admissible for a proper non-hearsay use, and there was no error by the trial court in admitting these portions of the recordings.

¶10        The trial court did err, however, in failing to limit the use of the recordings to their proper non-hearsay purpose. In supplemental briefing, the State contends Swope waived this issue on appeal, the recordings were admissible in their entirety, and even if a limiting instruction was required, the error was harmless. We disagree. The Arizona Rules of Evidence provide: "If the court admits evidence that is admissible against a party or for a purpose -- but not against another party or for another purpose -- the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly." Ariz. R. Evid. 105. "Rule 105 is mandatory, not discretionary; once evidence admissible for one purpose but inadmissible for another is admitted, the trial court *cannot refuse* a requested limiting instruction." *Readenour*, 149 Ariz. at 450, 719 P.2d at 1066 (citations and internal quotation marks omitted). Given the mandatory nature of Rule 105, the trial court was required to instruct the jury on the limited use of the recordings, and the failure to do so was clear error. *See id.* at 451, 719 P.2d at 1067.

¶11        "When an issue is raised but erroneously ruled on by the trial court, this court reviews for harmless error." *State v. Bible*, 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993). Error is harmless only if we can conclude beyond a reasonable doubt that the error did not contribute to or affect the verdict. *State v. Lundstrom*, 161 Ariz. 141, 150 & n.11, 776 P.2d 1067, 1076 & n.11 (1989). "The inquiry . . . is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error." *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993). In other words, "[w]e must be confident beyond a reasonable doubt that the error had no influence on the jury's judgment." *Bible*, 175 Ariz. at 588, 858 P.2d at 1191.

¶12        We are unable to find the absence of a limiting instruction to be harmless.  The central issue at trial was whether Swope was the person who sold the methamphetamine to the informant.  The statements by the informant during the transactions referring to the person he was interacting with as Gerald went directly to this issue.  Furthermore, during her closing argument, the prosecutor repeatedly referenced the fact that informant stated the name Gerald when meeting with the seller in arguing that Swope was guilty of selling the methamphetamine to the informant.  Finally, the only other evidence identifying the seller as Swope was the detective who testified that he recognized Swope's voice based on contacts with him six years earlier.  Because the jury may have improperly used the informant's mention of the name Gerald in regards to the seller to bolster the detective's identification of Swope's voice, we cannot say that the guilty verdicts actually returned in this trial were surely not attributable to the error. Accordingly, we reverse Swope's convictions and sentences and remand for a new trial or other proceedings consistent with this decision.

¶13        Although our ruling on this issue renders Swope's remaining arguments for reversal moot, we nonetheless address four additional issues raised by Swope on appeal that are likely to reoccur on retrial.  *See State v. Miguel*, 125 Ariz. 538, 541, 611 P.2d 125, 128 (App. 1980).

        II.        *Impeachment of Informant*

¶14        Swope contends the trial court erred by refusing to allow him to impeach the non-testifying informant.  Specifically, Swope sought to introduce evidence that the informant had a prior misdemeanor conviction for false reporting and that the informant had incorrectly told the detective that Swope's wife was present during one of the drug buys.  The trial court refused to allow the proposed evidence, ruling that because the informant was not a witness at trial, the evidence was not admissible to impeach him. We review a trial court's ruling on the admissibility of evidence for abuse of discretion.  *State v. Rose*, 231 Ariz. 500, 513, ¶ 62, 297 P.3d 906, 919 (2013) (internal citation omitted).

¶15        Relying on Arizona Evidence Rule 806, Swope contends the trial court erred in not allowing his proposed impeachment evidence.  This rule only applies when hearsay statements (or certain other statements admitted under Rule 801(d)(2) exclusions) by the declarant sought to be impeached have been admitted.  *State v. Dunlap,* 187 Ariz. 441, 457, 930 P.2d 518, 534 (App. 1996).  In this case, assuming *arguendo* that the trial court would have given a limiting instruction regarding the use of the recordings, there would be no hearsay statements by the informant admitted at trial

that would render him subject to impeachment. The portions of the recordings that included statements by the informant were introduced solely for the purpose of proving the operative facts of the charged crimes, not to prove the truth of any matter asserted by the informant. As discussed above, reversal is required in this case because the trial court failed to give an instruction informing the jury of the limited non-hearsay use of the evidence. On remand, and assuming the informant is still unavailable and a proper limiting instruction is given, the trial court need not admit the requested impeachment evidence as the informant's statements will not be admitted for hearsay purposes, and this will not violate Rule 806.

### III. Interpretation of Conversations

**¶16** Swope also argues that the trial court erred in allowing two narcotics detectives to interpret certain words and phrases used by the informant and the seller during the recorded drug purchases. We review the admission of expert testimony for abuse of discretion. *State v. Hyde*, 186 Ariz. 252, 276, 921 P.2d 655, 679 (1996) (internal citation omitted).

**¶17** The admissibility of expert testimony is governed by Arizona Evidence Rule 702. This rule states, in pertinent part:

> A witness who is qualified as an expert by knowledge, skill, expertise, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

Ariz. R. Evid. 702(a).

**¶18** The narcotics detectives were found by the trial court to be qualified as experts on the illegal drug trade, and Swope does not contest their qualifications on appeal. This court has repeatedly held that police officers may testify as expert witnesses regarding the meaning of drug code and language, noting that "[c]ourts frequently permit expert testimony on such matters and even allow experts to interpret writings or conversations." *State v. Walker*, 181 Ariz. 475, 480, 891 P.2d 942, 947 (App. 1995) (and cases cited therein); *see also State v. Nightwine*, 137 Ariz. 499, 503, 671 P.2d 1289, 1293 (App. 1983) (holding expert testimony interpreting drug language in recorded calls was properly admitted because it assisted the jury in understanding the evidence). There was no error in the admission of the detectives' expert testimony.

*IV.      Improper Vouching of a Witness*

**¶19**          Swope contends the State improperly vouched for the credibility of the informant. Swope identifies specific statements made during trial by Detectives Sturgill and Stock that allegedly vouch for the informant's credibility. First, on redirect, the State asked Detective Sturgill whether the informant had ever given him "suspect" information, to which Detective Sturgill answered, "No, he did not." The State followed this answer by asking Detective Sturgill if his work with the informant led to his trust of the informant, to which the Detective answered, "That is correct." Next, during Detective Stock's testimony, the State asked him if there was "any time where you had to pull [the informant's] reliability, or cut [the informant] off from being an informant," to which Detective Stock responded "No, ma'am." Swope did not object to these statements during trial.

**¶20**          "It is black letter law that it is improper for a prosecutor to vouch for a witness." *State v. Bible*, 175 Ariz. 549, 601, 858 P.2d 1152, 1204 (1993). "Two forms of impermissible prosecutorial vouching exist: (1) when the prosecutor places the prestige of the government behind its witness, and (2) where the prosecutor suggests that information not presented to the jury supports the witness's testimony." *Id.* (internal citation omitted). "The first type of vouching consists of personal assurances of a witness' truthfulness. The second type involves prosecutorial remarks that bolster a witness' credibility by reference to material outside the record." *State v. Dunlap,* 187 Ariz. 441, 462, 930 P.2d 518, 539 (App. 1996).

**¶21**          Under the unique circumstances of this case – particularly where the informant is not available to be cross-examined – we agree that it was error for the prosecutor to seek to bolster the credibility of the missing informant by way of other government witnesses commenting on his credibility. Although the questions and answers at issue were elicited on redirect examination after cross-examination, and therefore were arguably permissible to rebut the insinuation on cross-examination that the informant was unreliable, the critical difference here is that the informant did not testify. The jury did not have any opportunity to evaluate his credibility, only the statements of Detectives Sturgill and Stock vouching for the informant's credibility. Moreover, the informant's absence precluded Swope from impeaching the informant's credibility. We conclude this was improper under the present circumstances. In absence of the informant, allowing such testimony constituted error.

*V.*      *Instruction on Testimony by Law Enforcement Officers*

**¶22**          Finally, Swope argues the trial court erred in refusing to give an instruction concerning the credibility of testimony by law enforcement officers.  We review a trial court's denial of a requested jury instruction for abuse of discretion.  *State v. Wall*, 212 Ariz. 1, 3, ¶ 12, 126 P.3d 148, 150 (2006) (internal citation omitted).

**¶23**          During settlement of jury instructions, Swope requested the following instruction:

> The testimony of a law enforcement officer is not entitled to any greater or lesser importance or believability merely because of the fact that the witness is a law enforcement officer.  You are to consider the testimony of a police officer just as you would the testimony of any other witness.

RAJI Standard Instruction 34.  In declining to give this instruction, the trial court stated that it did not believe there was any need to single out any particular profession for an instruction on credibility in light of the general credibility instruction given with respect to all witnesses.  In addition, the trial court noted that because only law enforcement witnesses testified at trial, it was unnecessary to contrast the testimony of law enforcement witnesses with other non-witnesses.

**¶24**          "A defendant is entitled to a jury instruction on any theory reasonably supported by the evidence."  *State v. Moody*, 208 Ariz. 424, 468, ¶ 197, 94 P.3d 1119, 1162 (2004).  A trial court, however, is not required to give a requested jury instruction when "its substance is adequately covered by other instructions."  *State v. Mott*, 187 Ariz. 536, 546, 931 P.2d 1046, 1056 (1997).

**¶25**          Here, the trial court gave a general instruction applicable to the credibility of all witnesses.  The instruction directed the jurors to decide the accuracy of each witness' testimony taking into account their ability and opportunity to observe, their memory, their manner while testifying, any motive or prejudices they might have, and any inconsistent statements they might have made, in light of all of the evidence in the case.  This instruction adequately set forth the law in regards to the determination of witness credibility.  It is the responsibility of the jury to determine the credibility of

the police officers' testimony.[2]  Moreover, because the only testifying witnesses were law enforcement officers, no specific additional instruction regarding the fact that testimony of a law enforcement officer is entitled to no greater or lesser weight than that of any other witness was necessary. *See State v. Walters*, 155 Ariz. 548, 552-53, 748 P.2d 777, 781-82 (App. 1987) (holding no error in refusing to give instruction regarding weight of law enforcement testimony where all witnesses were law enforcement officers). The trial court did not abuse its discretion in refusing to give the requested instruction.

## CONCLUSION

¶26        For the foregoing reasons, we reverse Swope's convictions and sentences and remand for a new trial or other proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[2]        In addition, the trial court questioned the potential jurors during the jury selection process regarding whether they would give more or less consideration to law enforcement testimony.  Only one potential juror answered affirmatively and he was subsequently excused.