IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FRANCISCO SANTIAGO TAPIA MUNOZ, *Appellant.*

No. 1 CA-CR 24-0559
FILED 01-27-2026

Appeal from the Superior Court in Yuma County
No.  S1400CR202201349
The Honorable David M. Haws, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph Newberg
*Counsel for Appellee*

Zachary Law Group PLC, Mesa
By Jessica Zachary
*Counsel for Appellant*

---

## OPINION

Judge Veronika Fabian delivered the opinion of the Court, in which Presiding Judge James B. Morse Jr. and Judge Anni Hill Foster joined.

---

**F A B I A N**, Judge:

**¶1**        Defendant Francisco Santiago Tapia Munoz appeals a jury verdict finding him guilty of misconduct involving weapons, arguing he was entitled to a 12-person jury in the trial of his severed charge.[1] Because that trial concerned only one charge, which did not subject him to a potential sentence of 30 years or more, he was not entitled to a 12-person jury. Thus, this Court affirms the guilty verdict and sentence.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Two deaths by gunshot occurred on November 12, 2022, in Somerton, Arizona. Police arrested Tapia Munoz as a suspect. During a search of Tapia Munoz's car, police found a gun.

**¶3**        A grand jury indicted Tapia Munoz on two counts of first-degree murder and one count each of attempted first-degree murder, aggravated assault, misconduct involving weapons ("prohibited possession"), and unlawful flight from a pursuing law enforcement vehicle. Tapia Munoz was indicted for prohibited possession because, given a prior felony conviction, he was prohibited from possessing a firearm. *See* A.R.S. §§ 13-3101(7), 3102(4). At Tapia Munoz's request, the court severed trial of the prohibited possession charge from the other charges ("the non-severed charges"). *See* Ariz. R. Crim. P. 13.4. As a result, two separate jury trials occurred with two different juries.

**¶4**        The trial for the non-severed charges occurred first. A 12-person jury deliberated and found Tapia Munoz guilty as charged. The judge sentenced Tapia Munoz on the convictions for the non-severed charges. Tapia Munoz appealed those convictions and resulting sentences

---

[1] Tapia Munoz also argues on appeal that testimony in violation of an order in limine prejudiced the jury. This Court addresses, and rejects, that argument in a separate memorandum decision. *See* Ariz. R. Civ. App. P. 28(c); Ariz. R. Sup. Ct. 111(h).

and a different panel of this Court affirmed. *See State v. Tapia-Munoz*, ___ Ariz. ___, 580 P.3d 1159 (App. 2025).

¶5        After entry of judgment and sentencing for the non-severed charges, the court and the parties discussed the prohibited possession case:

> THE COURT: -- So that's all as to that case. We do have another case and we do – I think we do have a remaining count that was severed.
>
> …
>
> THE COURT: -- in case number 20221349, we have a remaining -- I think I'm just going to have that renumbered as a -- I don't remember how to do that for clarity on appeal if we have another trial. It's under the same case number. It was original count 5. We'll deal with that at the next hearing on how -- whether that should be redesignated a different count number.

The severed charge for prohibited possession, however, retained the same case number as the non-severed charges.

¶6        During jury selection for the trial on the prohibited possession charge, when the number of potential jurors dwindled, the court asked the parties how many jurors they believed were necessary. The State argued an eight-person jury was sufficient because:

> This is a separate jury . . . its own charge has been severed from the case. We even use the term severy, which is supposed to mean that it's a new trial. It's new juries, it's new everything. . . . the maximum sentence is less than 30 years. . . . We have to take the first case into account at sentencing regarding whether it's concurrent or consecutive to it. But otherwise, it wouldn't play a factor at all. And we would have to do that for any other case, whether it was a second case or a severed count.

Tapia Munoz disagreed, arguing "[i]t's the same case number. Same cause number. I get that four or five of the charges have already been resolved. But I would advocate for a 12-person jury."

¶7 Over Tapia Munoz's objection, the court found an eight-person jury appropriate, stating the severed charge for prohibited possession was a separate case with a maximum sentence of 15 years in prison, less than the 30 years that would trigger the right to a 12-person jury. *See* Ariz. Const. art. II, § 23; A.R.S. § 21-102(A). The court explained its "rationale" was "that it was severed, it's a separate case. This charge does not have a penalty of 30 years or greater." The court then impaneled eight jurors and five alternates.

¶8 The eight-person jury found Tapia Munoz guilty of prohibited possession. The court then sentenced him to 12 years to run concurrently with the sentences for the non-severed charges. This Court has jurisdiction over Tapia Munoz's timely appeal of the prohibited possession conviction and resulting sentence pursuant to Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶9 The parties disagree regarding the standard of review. Tapia Munoz advocates for structural error while the State argues for *de novo*. Error, however, is a prerequisite to any standard of review and without error, "dispute over what category of error should be applied is irrelevant." *State v. Soliz*, 223 Ariz. 116, 119 ¶ 12 (2009). Here, there was no error.

¶10 Citing to the Arizona Constitution and A.R.S. § 21-102, Tapia Munoz argues he was entitled to a 12-person jury for the severed trial for prohibited possession because the non-severed charges and the severed charge were the "same case," subjecting him to a maximum penalty of 30 years or more. Under Article II, Section 23 of the Arizona Constitution:

> The right of trial by jury shall remain inviolate. Juries in criminal cases in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons. . . . In all other cases, the number of jurors, not less than six, and the number required to render a verdict, shall be specified by law.

This provision is implemented by statute, as follows:

> A. A jury for a trial of a criminal case in which a sentence of death or imprisonment for thirty

years or more is authorized by law shall consist of twelve persons, and the concurrence of all shall be necessary to render a verdict.

B. A jury for trial in any court of record of any other criminal case shall consist of eight persons, and the concurrence of all shall be necessary to render a verdict.

A.R.S. § 21-102.

¶11 Neither the Arizona Constitution nor A.R.S. § 21-102 define "criminal case." Tapia Munoz argues the plain meaning of "criminal case" means all charges falling within the same criminal case number. Because the non-severed charges and prohibited possession charge had the same criminal case number, Tapia Munoz maintains he was entitled to a 12-person jury for the severed charge. Tapia Munoz's argument elevates form over substance.

¶12 The Arizona Supreme Court has held that jury size requirements apply "to cases and not counts or charges." *State v. Buffum*, 125 Ariz. 488, 489 (1980). But *Buffum* addressed charges heard by *the same* jury where there had been no severance. *Id.* at 488-89. Here, in contrast, the charges were severed so that *separate juries* considered separate charges with no knowledge or consideration of the other charges. The question then becomes whether severance of a criminal charge makes it a separate criminal case under the Arizona Constitution and A.R.S. § 21-102.

¶13 Statutes should be interpreted "according to the plain meaning of the words in their broader statutory context, unless the legislature directs . . . otherwise." *S. Ariz. Home Builders Ass'n v. Town of Marana*, 254 Ariz. 281, 286 ¶ 31 (2023). The word "sever" can be defined as "divide." *Sever*, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/sever (last visited Sept. 9, 2025). Consistent with the plain meaning of the word sever, the effect of severance is to create separate cases for the purposes of trial and appellate procedure.

¶14 It is generally understood that the effect of severance is to create separate trials with separate appeals. *See State v. Flythe*, 219 Ariz. 117, 119 ¶ 5 (App. 2008) ("A court must order separate trials on motion of a party if fairness so requires."); *see also State v. Guillen*, 151 Ariz. 115, 118 (App. 1986) (party seeking severance of counts must show prejudice "if the trial court refused to grant separate trials").

¶15        Here, Tapia Munoz requested the severance, which the superior court properly granted. *See State v. Burns*, 237 Ariz. 1, 14 ¶ 34 (2015). Because of that severance, there were two separate trials, two separate judgments and sentences, and two separate appeals. Upon Tapia Munoz's conviction in the trial on the non-severed charges, the court entered judgment and sentence. Tapia Munoz appealed the first judgment in April of 2024 and this Court affirmed in October 2025. *Tapia-Munoz*, ___ Ariz. ___, 580 P.3d 1159. The judgment and sentence for the severed trial for prohibited possession were entered in writing in September 2024. Tapia Munoz appealed them in January 2025. Thus, the severance operated to divide the case into two separate cases in these important and substantive aspects.

¶16        The case number is not the determinative factor. The case number in this case, as in all superior court cases in Arizona, is assigned by the Clerk of Court, a separate constitutional officer from the court itself. Ariz. Const. art. VI, § 23. The number assigned by the Clerk of Court turns on a convention used by that officer based on when the case is filed. As noted in California, "[t]he assignment of case numbers is a clerical administrative matter that reflects only the manner in which the prosecution presents the initiating pleadings to the court." *People v. Barros*, 209 Cal. App. 4th 1581, 1595 (2012).

¶17        Tapia Munoz argues that because the non-severed charges were considered during the sentencing of the severed charge for prohibited possession, all the charges were the same case for jury size purposes. However, the court properly considered the non-severed charges to ensure the sentences for the severed charge, which stemmed from the same acts, be imposed concurrently as required by statute. A.R.S. § 13-116 ("An act or omission which is made punishable in different ways by different laws may be punished under both, but in no event may sentences be other than concurrent."). That does not mean the non-severed charges and the severed charge for prohibited possession, resolved in two different trials with two different juries, were the same case. Thus, consideration of the convictions from the non-severed trial during sentencing for the severed conviction does not, somehow, require the prohibited possession trial be treated as if it were the same "criminal case" as Tapia Munoz's other convictions.

¶18        The only charge in the severed trial was the prohibited possession charge, which carried a maximum penalty of 15 years in prison. A.R.S. §§ 13-703(C), (J), 13-3102(A)(4), (M). Because severance created a separate criminal case, where the potential sentence was not 30 years or more in prison, the court did not err by permitting an eight-person jury.

## CONCLUSION

¶19    Because Tapia Munoz has shown no error, the prohibited possession conviction and resulting sentence are affirmed.

