NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

REECE ANTHONY ALVARADO, *Petitioner*.

No. 1 CA-CR 19-0139 PRPC
FILED 12-17-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2015-145718-001
The Honorable Danielle J. Viola, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Reece Anthony Alvarado, Florence
*Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Michael J. Brown joined.

_____

**C A M P B E L L,** Judge:

¶1    Reece Alvarado petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2    Alvarado pleaded guilty to one count of sexual conduct with a minor and two counts of attempted sexual conduct with a minor. The superior court imposed the most lenient sentence available under the plea agreement—a mitigated term of 17 years' imprisonment on the completed count, to be followed by concurrent terms of lifetime probation on the attempt counts.

¶3    Alvarado timely initiated proceedings for post-conviction relief, and the superior court appointed counsel to represent him. After reviewing the record and other pertinent materials, counsel stated she could find no colorable claims to pursue on Alvarado's behalf. Alvarado filed a *pro se* petition for relief, which the superior court summarily dismissed, leading to our review. Barring an abuse of discretion, we will not disturb the superior court's decision. *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016).

¶4    Alvarado seeks review of the following claims: (1) his plea attorney provided ineffective assistance by promising him that if he signed the plea agreement stipulating to a flat-time prison sentence of 17 to 24 years, the State would modify that agreement at sentencing to let him serve just 10 years at 85 percent; (2) his attorney provided ineffective assistance by failing to inform him that he could be sentenced to substantial prison terms if he violated probation; (3) his sentence is illegal because it exceeds the statutory maximum and constitutes cruel and unusual punishment; and (4) he has newly discovered evidence that, if presented earlier, would likely have resulted in a shorter sentence.

¶5 A defendant states a colorable claim of ineffective assistance of counsel by showing "both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006). By failing to raise his ineffective assistance claims in the superior court, Alvarado waived review on appeal. *See* Rule 32.9(c)(4)(B); *see also State v. Lopez*, 223 Ariz. 238, 240, ¶¶ 6–7 (App. 2009). A petition for review is not the proper vehicle for raising new grounds for relief.

¶6 In any event, Alvarado's ineffective assistance claims are without merit. His allegation that counsel promised the State would modify the executed plea agreement to provide for a 10-year sentence at 85 percent strains credulity and is belied by Alvarado's representations to the court that no one promised him anything outside of the plea agreement and that he agreed to receive a flat-time prison sentence between seventeen and 24 years.[1] Likewise, the record does not support Alvarado's claim that he was unaware of his sentence exposure in the event he violated probation. The plea agreement, which Alvarado confirmed he understood and discussed with his attorney, set forth the range of prison sentences that could be later imposed if Alvarado violated probation. Nor does Alvarado meet his obligation to show prejudice, failing to demonstrate, or even allege, "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *State v. Bowers*, 192 Ariz. 419, 424, ¶ 19 (1998).

¶7 Equally unavailing, Alvarado claims that his sentence exceeds the statutory maximum and constitutes "cruel and unusual punishment[]" under the Eighth Amendment to the United States Constitution and Article 2, Section 15, of the Arizona Constitution. Even assuming he sufficiently presented this argument to the superior court, we find his contentions meritless. Each term the superior court imposed was authorized by statute. *See* A.R.S. §§ 13-705(C), (H), (J), (O), 13-902(E). Alvarado provides no authority for the proposition that probation may be considered a cruel and unusual punishment. *See In re J.G.*, 196 Ariz. 91, 94, ¶ 13 (App. 1999) ("Probation is not punishment; it is the suspension of sentence under conditions designed to rehabilitate the probationer."). Nor does he establish, in any event, a colorable claim that any element of his sentence is cruel and unusual, which requires showing the legislature

---

[1] The sentence Alvarado claims he was promised was not statutorily available to him. The minimum sentence he could receive for conviction of sexual conduct with the 13-year-old victim was 13 years flat time. A.R.S. § 13-705(C), (H).

lacked a reasonable, penological basis for enacting the sentencing scheme at issue and that the sentence the defendant complains of is "grossly disproportionate" to the offense. *State v. Berger*, 212 Ariz. 473, 477, ¶ 17 (2006). *See also id.* at 479, ¶ 27 (stating general rule that court does not consider consecutive nature of sentences when assessing proportionality).

**¶8**　　　　Finally, we find no abuse of discretion in the superior court's dismissal of Alvarado's new evidence claim under Rule 32.1(e).  Alvarado complains the court did not allow him to present evidence of particular mental health issues at the sentencing hearing. By Alvarado's own description, that information was not "discovered after the . . . sentencing," as Rule 32.1(e) requires.

**¶9**　　　　Accordingly, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA